## *In re* TIFT.

*(District Court, E. D. New York.* May 18, 1881.)

CONTEMPT—CORPORATION—PUNISHMENT.

Where, pending proceedings in bankruptcy, a corporation entered an action against the bankrupt in a state court, and caused judgment to be entered against him and execution to be issued thereon, and injunctions were issued from this court sitting in bankruptcy to the said company and to the president thereof, which were duly served, restraining them from proceeding any further in the matter, and restraining the sheriff from selling the property of the bankrupt taken in execution under the said judgment, and thereafter the said company made a pretended assignment of the judgment to a third party, who procured the property to be sold under execution issued upon the assigned judgment, *held,* that the said company and the president thereof were in contempt of this court, and that they be punished therefor; and that all loss and damage to the bankrupt by reason of the misconduct of the company in causing the sale of the property taken on execution, with the additional sum of $1,000 for expenses and trouble caused to said bankrupt be sustained by said company, and a fine in addition thereto be imposed on the said company for its misconduct, and that the president of said company be adjudged guilty of contempt and punished therefor.

*A. H. Aubery* and *L. F. Henry,* for bankrupt.

BENEDICT, D. J.    This is a proceeding to punish the Iron-Clad Manufacturing Company, and H. W. Shephard, the president thereof, for contempt.    On the eleventh day of February, 1878, Alanson H. Tift filed in this court a voluntary petition in bankruptcy, and on the same day a petition in composition, and thereupon a meeting of creditors was duly called, to consider the proposition for composition, which was to pay 33⅓ per cent.    On the tenth day of April, 1878, the Iron-Clad Manufacturing Company, a corporation organized under the laws of the state of New York, having its principal place of business in this district, and being one of the creditors of Tift, whose name and address, and the amount of whose debt, were stated in the schedule presented at the creditors' meeting, and the same provable in the bankruptcy proceedings, commenced an action against the bankrupt, in the marine court of the city of New York, to collect the said debt, and on the same day procured a warrant of attachment from the marine court, by virtue of which the sheriff of the city and county of New York attached certain goods of the bankrupt, in the city of New York, which goods constituted part of the bankrupt's property available to him for the purpose of performing his proposed composition. On the next day, April 11, 1878, the composition was duly accepted

by a resolution of the creditors, at a regular meeting called as required by law.

On the eighteenth day of April the Iron-Clad Manufacturing Company took judgment against the bankrupt in the suit brought in the marine court for the sum of $817.93, and on the same day the sheriff of the city and county of New York, by virtue of an execution issued out of the marine court upon said judgment, levied upon the property so seized by him under the attachment. On the same day an injunction was duly issued by this court, whereby it was ordered that all proceedings on the part of the Iron-Clad Manufacturing Company, or their agents or attorneys, to enforce payment of their said debt, be stayed until the question of the bankrupt's discharge should be determined, or until the further order of the court. This injunction was on the same day duly served upon the Iron-Clad Manufacturing Company, and on Charles Harris Phelps, their attorney in the suit in the marine court. On the twenty-first day of May, 1878, the composition proposed by the bankrupt was confirmed by the court, and ordered to be recorded, and thereupon it was further ordered by this court—

"That the injunction heretofore granted by this court on the eighteenth day of April, 1878, in this case, be and the same is continued in full force and effect pending the proceedings in composition, and until the same be perfected, or shall fail by reason of non-performance, and that any removal of or sale of the property levied on under said execution is hereby restrained, either by the said Iron-Clad Manufacturing Company, its officers, agents, or servants, or the sheriff of the city and county of New York, during said period, or any interference with any other property of the bankrupt during the same time upon said judgment."

This order was on the same day duly served within this district upon Shephard, the president of the Iron-Clad Manufacturing Company. Thereafter the bankrupt, for the purpose of securing adequate protection against the claim of the Iron-Clad Manufacturing Company, applied to the district court of the United States for the southern district of New York to restrain the sheriff of the city and county of New York from selling the property that had been levied on within the southern district of New York, in the suit of the Iron-Clad Manufacturing Company, as above described. In that action before the district court of the southern district of New York, the Iron-Clad Manufacturing Company appeared by Charles Harris Phelps, attorney, and, after a full hearing, it was in said action determined that the

district court of the southern district of New York had jurisdiction to enjoin the sheriff of the city and county of New York from proceeding to collect the said judgment obtained against the bankrupt in the marine court; that the Iron-Clad Manufacturing Company was bound by the composition effected by the bankruptcy proceedings in this court, and had acquired no lien upon the property of the bankrupt by the said attachment and levy; that it was the duty of the court to enforce the composition by all orders it could lawfully make; and that the sheriff of the city and county should be enjoined from proceeding to sell the property of the bankrupt levied on by him by virtue of the judgment obtained by the Iron-Clad Manufacturing Company in the marine court of the city of New York. Accordingly, an injunction to that effect was issued by the district court for the southern district of New York against the sheriff of the city and county of New York, and the same duly served.

In the face of that adjudication, and in violation of the injunction of that court, as well as in violation of the injunction of this court, the sheriff of the city and county, on the third of July, sold property of the bankrupt, levied on by him, of the value of $4,252.96. Thereafter the present petition was presented to this court by the bankrupt, wherein the said sale of his property in violation of the injunction of this court is set forth; and it is prayed that the Iron-Clad Manufacturing Company, its officers and agents, may be brought before this court to answer for the contempt aforesaid, and dealt with according to law, and the rules and practice of the court. Upon this petition an order was made directing H. W. Shephard, president, and Henry A. Seaman, treasurer, of said company to appear before this court and show cause why they and each of them should not be attached, and they and each of them, as well as the Iron-Clad Manufacturing Company, be punished, for the disobedience aforesaid. Upon the return of this order, the Iron-Clad Manufacturing Company and H. W. Shephard appeared and filed an answer to the petition, in which they deny that the Iron-Clad Manufacturing Company caused or procured the sheriff to sell the property of the bankrupt as charged in the petition, and aver that at the time of the said sale the Iron-Clad Manufacturing Company was not the owner of the said judgment against the bankrupt, but had sold the same on the twenty-third day of June to one Horatio Nichols for the sum of $100. The testimony offered by the respective parties in regard to the issue thus joined has been taken before a referee and reported to the court, and the

proceeding is now before the court to be determined upon the pleadings and proofs.

Upon the evidence I have no hesitation in holding that the pretended assignment of the judgment by the Iron-Clad Manufacturing Company to Horatio Nichols was a mere device to cover the connection of the Iron-Clad Manufacturing Company with the collection of the judgment obtained in the marine court. That it was a fictitious transaction is evident from the fact that the statement is that the judgment was sold for $100, when the amount to be paid by the terms of the composition upon this debt was $246.74, and $146.05, the amount of the first payment, had been tendered the Iron-Clad Manufacturing Company, and was then available to them. It is doubtful if Nichols, the pretended assignee of the judgment, ever did any act which had any effect upon the proceedings taken in regard to the judgment; but if he did any thing he was, in so doing, acting for the benefit of the Iron-Clad Manufacturing Company, in pursuance of an understanding that he should so act. Making the assignment of the judgment to Nichols, under the circumstances, was of itself a violation of the injunction, for the assignment in terms authorized Nichols to collect the judgment, and it was made for the sole purpose of accomplishing a sale of the bankrupt's property despite the orders of this court. It was plainly part of a scheme to secure the sale of the bankrupt's property in violation of the injunction of this court, and of the injunction issued by the district court for the southern district of New York.

The duty of the Iron-Clad Manufacturing Company, upon being served with the injunction, was to see to it that the injunction was obeyed by all persons acting for them or in their name. They were bound to prevent the sale of the bankrupt's property by virtue of the execution they had procured to be issued in their suit. Instead of so doing they caused the sale to be made. The case presented is therefore a flagrant one. This corporation being bound, by a lawful composition duly effected under the bankrupt laws, to accept 33⅓ per cent. in full satisfaction of their debt, and having, in an action duly brought in the southern district of New York, to which they were parties, been adjudged to have acquired no preference over other creditors, or any right to sell the bankrupt's property to pay the judgment they had obtained in the marine court, or in any way to enforce the execution issued out of said court to collect the said judgment, and having also been expressly forbidden to collect the said judgment or to sell the bankrupt's goods under said execution, delib-

erately proceeded to collect the judgment, and caused the sheriff of the city of New York to sell, by virtue of the execution issued in their name, property of the bankrupt which he was entitled to avail himself of for the purpose of performing his composition according to its terms.

For this act of disobedience no excuse whatever is offered except certain orders to the sheriff procured by the attorney of the Iron-Clad Manufacturing Company to be made by the marine court of the city of New York, which orders require no remark except to say that they can neither justify nor excuse the action of the Iron-Clad Manufacturing Company taken in direct violation of lawful injunctions duly served upon them, and then in full force and effect. There remains, therefore, only to determine the extent of the punishment proper to be inflicted for such misconduct. The proofs show that the property of the bankrupt sold by the sheriff of the city and county of New York, by virtue of the execution issued to collect the judgment obtained by the Iron-Clad Manufacturing Company, was of the value of $4,252.96 ; but as the property was mostly bought in under circumstances warranting the belief that the bankrupt will be able to receive the benefit of the purchase, it is probable that justice will be secured by a determination that the actual loss of money and property immediately caused to the bankrupt by the sale was the sum of $2,097.09. In addition to this loss the bankrupt is proved to have been put to an expense of $549.60 for counsel fees and costs in obtaining the injunction which was issued by Judge Choate. This expense was caused by action, threatened by the Iron-Clad Manufacturing Company in violation of the injunction of this court, and was made necessary by the fact that the sheriff of the city and county of New York could not be reached by process from this district. Such expense is therefore to be considered as part of the loss caused by the determination of the Iron-Clad Manufacturing Company not to regard the injunction of this court, and their action taken in pursuance of such determination.

The bankrupt has also and properly instituted this proceeding, which has been protracted, and at every step stoutly contested. He should be fully reimbursed for all the expenses incurred thereby. My conclusion, so far as regards the Iron-Clad Manufacturing Company, therefore, is that they be adjudged guilty of the contempt charged in the petition, in that they caused and procured the sheriff of the city and county of New York, on the third day of July, 1879, to sell property of the bankrupt of the value of $4,252.96, by virtue of an execution issued out of the marine court of the city of New

York upon a judgment obtained in said court by the said Iron-Clad Manufacturing Company against Alanson H. Tift; that such sale was calculated to and did impair and defeat the rights of him, the said Alanson H. Tift, and the same was a violation of the injunction of this court mentioned in said petition, theretofore duly issued in proceedings in bankruptcy then pending in this court upon the petition of said Alanson H. Tift, filed February 11, 1878; that the loss and damage suffered by said Tift, by reason of said misconduct, amounted to the sum of $2,717.85; and that there be added to said sum the sum of $1,000, in reimbursement of the expenses and trouble caused to said Tift by this proceeding. It is therefore considered and adjudged that a fine of $3,717.85 be and the same is imposed upon the said Iron-Clad Manufacturing Company for said misconduct, the same to be paid into the registry of this court within ten days from the date hereof, and to be thence paid over to said Tift or his attorney to satisfy his said damages, costs, and expenses.

My conclusion in regard to the said H. W. Shephard, president of the said Iron-Clad Manufacturing Company, is that the said Shephard must be adjudged guilty of the contempt charged in the said petition, and subjected to punishment therefor. But as to the extent or nature of the punishment proper to be inflicted upon him I postpone for the present making a determination, in order to give said Shephard, if so advised, an opportunity, within 10 days from the date of this opinion, to explain before this court the nature and extent of his personal action in connection with the assignment of the said judgment already referred to, and the said sale of the bankrupt's property, and whether his acts were in pursuance of any order of the trustees of the said Iron-Clad Manufacturing Company.

See *In re Cary*, 10 FED. REP. 622, and note on page 629.