Seth Terry et al. v. State of Nebraska.

Filed December 7, 1906.    No. 14,843.

1. **Habeas Corpus.** A habeas corpus proceeding involving the permanent custody of a minor child is a proceeding *in rem,* in which the *res* is the child and its custody.

2. **Courts: Jurisdiction.** Where two courts have concurrent jurisdiction, that which first takes cognizance of the case has the right to retain it to the exclusion of the other; and where property is *in gremio legis,* if it be a court of rightful jurisdiction, no other court can interfere and wrest from it the jurisdiction first obtained.

3. **Contempt.** Where a habeas corpus proceeding commenced in the district court has been prosecuted to final judgment, the institution by one of the parties therein of another action of the same kind, for the determination of the same question in the county court, before fully and fairly complying with such judgment, for the evident purpose of evading its effect and rendering it of no avail, is a contempt of the district court.

4. ————: DEFENSE. In such a case a disclaimer of intention, disrespect, or design to embarrass the due administration of justice is no defense.

5. ————: EVIDENCE. One who is not shown to have counseled, aided, or abetted such a proceeding, or to have even had knowledge of its commencement, and whose name as a petitioner seems to have been used without authority, cannot be convicted of contempt.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*R. W. Sabin, F. O. McGirr* and *Hainer & Smith,* for plaintiffs in error.

*Roscoe Pound* and *Hazlett & Jack, contra.*

BARNES, J.

The plaintiffs severally prosecute error from a judgment of the district court for Gage county adjudging them in contempt of an order of that court. The facts underlying this controversy are, briefly stated, as follows: One J. Alfred Johnson, a resident of the state of Iowa, commenced a proceeding in habeas corpus in the district court for Gage county against the plaintiffs herein and one Laura Terry to obtain possession of his two minor children. A trial resulted in an order or judgment of that court remanding the custody of one of said children, who was 17 years of age, to the respondents, and awarding the permanent custody of the other, Effie Johnson, who was but seven years of age, to her father, the petitioner. Respondents in said action, the plaintiffs herein, brought the case to this court where on the 5th day of April, 1905, the judgment was affirmed. See *Terry v. Johnson,* 73 Neb. 653. A motion for a rehearing was filed in due time, and was overruled on October 27, 1905. Thereupon the mandate of this court was sent to the district court for Gage county directing the said court to carry out its said judgment and order. The complaint in the present pro-

ceeding shows: That on the 5th day of January, 1906, said judgment not having been complied with, the said J. Alfred Johnson filed a petition in the district court for an order carrying it into effect and on the 16th day of January, 1906, the respondents filed an answer and showing in support thereof, alleging matter claimed to have transpired since the original judgment, by reason of which it was claimed that J. Alfred Johnson was not a proper person to have the custody of his said daughter; that afterwards the said respondents withdrew their answer and showing, and on the 21st day of March, 1906, applied to the district judge, at chambers, for a suspension of the enforcement of said judgment on the ground that Laura Terry, one of the respondents, was seriously ill, and that compliance with said judgment would endanger her life. The district judge granted a stay of the order pending the recovery of said respondent; and on the 26th day of June, 1906, said respondent having fully recovered, it was agreed in open court that said judgment should be complied with on the 5th day of July, 1906, and an order of the district judge in writing to that effect was given to the respondents.

It further appears from the complaint and the evidence adduced at the trial that J. Alfred Johnson appointed his sister, Mrs. Gussie DeLorie, his agent to receive the child from the respondents; and on the 5th day of July the respondents went through the form of delivering her to the said Gussie DeLorie, but prior to such delivery prepared the papers in a habeas corpus proceeding in the county court, and immediately thereupon caused the papers, theretofore prepared to be formally filed. A writ issued, and within a few minutes the sheriff retook possession and custody of the child from the agent of her father, who being absent, and represented only by his sister aforesaid, it was found necessary to enter into an arrangement whereby the respondents again obtained the custody and control of said child. On the hearing of the complaint, the foregoing facts together with others having been made

to appear, the district court found, among other things, as follows: "That on July 5, 1906, the defendants, Seth Terry and Menzo Terry, each intending not to obey the judgment and decree of this court that the said Effie Johnson be delivered to her father, caused a writ of habeas corpus to be prepared and sued out in the county court of Gage county, Nebraska, against Mrs. Gussie De Lorie and J. Alfred Johnson, commanding the sheriff of said county to take said Effie Johnson from the care and custody of each. That said defendants then caused a formal delivery of said infant child to be made in pretended compliance with the order of this court, and then immediately caused said writ of habeas corpus so sued out in the county court to be served, and said child retaken from the custody of said Johnson and his sister, Mrs. Gussie DeLorie; that said delivery by the defendants, and each of them, under the order of this court was colorable merely, and not in good faith, and not intended by them, or either of them, to be in compliance with the order of the district court, and each of said acts was done by them, and each of them, with intent to prevent the delivery of said infant child to her father as heretofore ordered, adjudged and directed by this court. The court further finds that subsequently to July 5 the defendant, Seth Terry, caused a proceeding to be instituted in the county court of Gage county, Nebraska, for the appointment of a guardian for said infant child, Effie Johnson, and in this he was aided, counseled and advised by the defendant, Menzo Terry; and the court finds said proceedings were intended by these defendants, and each of them, to further obstruct the due enforcement of the execution of the judgment of this court heretofore entered decreeing the custody of the said Effie Johnson to her father. The court further finds that each of said proceedings on the part of said defendants, Seth Terry and Menzo Terry, if allowed to stand, are well calculated to bring this court and its processes, judgments and decrees into public contempt." It was thereupon ordered and decreed that "the defend-

ants, Seth Terry and Menzo Terry, forthwith dismiss and discontinue the habeas corpus proceedings commenced by them in the county court of Gage county, Nebraska, July 5, 1906, and that the defendants, and each of them, forth-with comply in good faith with the order of this court heretofore issued, and deliver said infant, Effie Johnson, to her father, or his sister for him; and that the defendants, Seth Terry and Menzo Terry, each stand committed to the county jail of Gage county, Nebraska, until said order, judgment and decree in this proceeding is fully and in all respects obeyed."

The plaintiffs herein contend, among other things, that the findings and judgment of the district court are not sustained by the evidence. It is unnecessary to consume time or space in quoting the evidence. It is sufficient to say the record shows that the plaintiffs herein, after liti-gating the question of the right of the father to the cus-tody and control of his minor child for at least two years, and after having hindered and delayed the execution of the judgment of the district court commanding them to deliver her into the permanent custody of the petitioner, merely made a colorable compliance with the order, and before doing so prepared the papers to procure a writ of habeas corpus from the county court of Gage county in order to recover possession of the child at the very mo-ment of her delivery in pretended compliance with the order of the district court; that they commenced such proceeding, caused the writ to be issued and served, and thus attempted to render the judgment of no avail what-ever. It is also clear that there was no excuse for such a proceeding, for the evidence fails to show any material change in the conditions existing at the time the order was made, and the only purpose of the proceeding com-plained of was to defeat and nullify such order of the district court. So we are of opinion that the evidence fully sustains the findings and judgment complained of, and justified the conclusion of the trial court.

It is further contended that the facts found by the court

are not sufficient to constitute a contempt, because the writ of habeas corpus is a writ of right; that the judgment in one court on an application for the writ is not *res judicata* of another application before a different court; that plaintiffs had the right to institute the proceeding for the writ before the county court on the 5th day of July, 1906. These statements may be taken as true, and yet the plaintiffs may be guilty of contempt. It is a well-settled rule that where one court of competent jurisdiction in a proceeding *in rem* obtains jurisdiction of the *res,* or, in other words, the thing in controversy, no other court can acquire jurisdiction over it. "It is a rule well known to the profession that where two courts have concurrent jurisdiction, that which first takes cognizance of the case has the right to retain it to the exclusion of the other; that where property is *in gremio legis,* if it be a court of rightful jurisdiction, no other court can interfere and wrest from it the jurisdiction first obtained." *Ryan v. Donley,* 69 Neb. 623. A proceeding involving the custody of a minor child is a proceeding *in rem,* in which the *res* is the custody of the child. *Richards v. Collins,* 45 N. J. Eq. 283. It follows that, until the order or judgment of the district court had been fully and substantially performed by putting the custody of the child permanently where that court had ordered it, the jurisdiction of that court continued; and a new proceeding brought in another court was an interference with the order and judgment of the district court and its custody of the minor child, Effie Johnson. Such interference before the jurisdiction of that court was at an end was a contempt of court. *In re Chiles,* 22 Wall. (U. S.) 157; *Stateler v. California Nat. Bank,* 77 Fed. 43; *In re Tift,* 11 Fed. 463; *Hines v. Hobbs,* 2 Am. Rep. 581.

Plaintiffs further contend that in any event they were not guilty of contempt, because the proceeding in question was not commenced with any such intention. While intention is sometimes a necessary ingredient of the offense, yet there are many cases where the act done

constitutes a contempt of court irrespective of the question of intention. "Disclaimer of intentional disrespect or design to embarrass the due administration of justice is, as a rule, no excuse, especially where the facts constituting the contempt are admitted or where a contempt is clearly apparent from the circumstances surrounding the commission of the act." 9 Cyc. 25; *People v. Wilson*, 64 Ill. 195; *In re Chadwick*, 109 Mich. 588; *Wilcox Silver Plate Co. v. Schimmel*, 59 Mich. 524. In the case last cited the defendants were restrained from selling certain property under a chattel mortgage. The solicitor, Stephen H. Clink, for the defendant, Lewis Schimmel, filed a motion to dissolve the injunction, which was overruled, and thereafter he sold the property in question as the agent of one William Schimmel. He was attached for contempt, and his defense was that in making the sale he did not act as the attorney, agent or solicitor of the defendants, or either of them, but as the agent of William Schimmel, whom he claimed was at all times the owner of the mortgage in question; that the defendant, Lewis Schimmel, was at all times acting for William, and took no title or interest by virtue of a formal assignment of the mortgage to him; that in making such sale he had no intention to commit a contempt. He was found guilty, and it was held that his acts constituted a contempt without regard to his intentions in the matter. It was further said in the opinion: "Injunctions, issued by courts of competent jurisdiction, must be fairly and honestly obeyed, and it would be unbecoming the dignity and self-respect of the court if it should permit them to be evaded by mere subterfuges or tricks." So it seems clear that the intention with which the proceeding in question was commenced is not material, and lack of intention to commit a contempt is no defense herein.

It is also urged that, because this action was dismissed as to Laura Terry, the plaintiffs must also be discharged. This does not follow. It seems clear that she did not comence the proceeding in question, was not present when it

was commenced, and there is no evidence in the record showing that she counseled, aided or abetted its commencement, or that she even knew anything about the matter. It seems clear, therefore, that her name was used by the plaintiffs as one of the petitioners without her knowledge or consent, and she was rightly found not guilty and discharged from any liability herein.

Lastly, it is insisted that, because Laura Terry was one of the petitioners in the habeas corpus proceeding before the county court, the plaintiffs cannot dismiss that proceeding as to her, and for that reason the order should be set aside, and they should be discharged from custody herein. It is a sufficient answer to this contention to say that, if they used the name of Laura Terry in commencing the habeas corpus proceeding upon their own responsibility, and without her knowledge or consent, they cannot be heard to object to the order of the court until they have themselves complied therewith as far as they are able.

After a careful examination of the whole record, we are of opinion that it contains no reversible error, and the judgment of the district court is therefore

AFFIRMED.