J. A. JOHNSON, APPELLANT, V. SETH TERRY ET AL.,
APPELLEES.

FILED OCTOBER 22, 1909.   No. 16,316.

1. **Habeas Corpus: COUNTY COURT: JURISDICTION.** Neither a county court nor the judge thereof has authority to issue a writ of habeas corpus to be served in an adjoining county for the purpose of bringing before said court or judge an infant under the age of 18 years, not a resident of the county, to the end that a judgment may be entered to determine whether the custodian of said child shall be deprived of the possession thereof.

2. ———: **CUSTODY OF CHILD: DUTY OF COURT.** If a county court has thus acted in excess of its jurisdiction, and the father has sued out a writ of habeas corpus in the district court to recover possession of his child; and the respondents in their return to said writ plead sufficient facts to authorize the court, under article II, ch. 20, Comp. St. 1909, to make an order divesting the parent of such custody, it is the duty of the district court or its judge to proceed with all reasonable dispatch to try the issues joined, and make an order in the premises for the best interests of the child.

3. ———: ———: **JUDGMENT: CONCLUSIVENESS.** If a final order has been entered in favor of the father, in a preceding habeas corpus case between the same parties, awarding him the custody of his child, the court, in a subsequent proceeding between the same parties, under chapter 20, *supra*, should only consider evidence concerning the facts that have occurred since the execution of the former judgment.

APPEAL from the district court for Gage county: JOHN B. RAPER, JUDGE. *Reversed.*

*W. H. Kelligar, E. Ferneau, Hall, Woods & Pound* and *Hazlett & Jack,* for appellant.

*Rinaker & Kidd, F. O. McGirr* and *Mengo W. Terry,* contra.

ROOT, J.

This litigation involves the right of relator to the custody of his infant daughter, Effie Johnson, who is under the age of 14 years. Many of the facts essential to a

proper understanding of the case are related in *Terry v. Johnson,* 73 Neb. 653, and *Terry v. State,* 77 Neb. 612. As a result of the litigation reported in those cases, the relator became the custodian of his daughter, and continued to act in that capacity until the latter part of June, 1909. On the 23d day of that month Seth Terry, one of the respondents herein, who was also a respondent in the preceding litigation, applied to the county judge of Gage county for a writ of habeas corpus, and alleged that the relator and two of his sisters in Douglas county were illegally depriving Effie Johnson of her liberty. Thereupon the county judge issued his writ commanding the sheriff of Gage county to release Effie Johnson from her illegal restraint and bring her before said judge in Gage county to abide the orders thereafter to be made by that official. The writ was executed in Douglas county by the sheriff of Gage county, and the child produced before the county court of Gage county. Mr. Johnson thereupon procured a writ of habeas corpus from the district court for Gage county to recover possession of his daughter. The facts from relator's standpoint are stated in the petition, and the details of the antecedent litigation between the parties, including the various orders and judgments made therein, minutely set forth. A writ was issued against Seth Terry, Laura Terry, his wife, and against Menzo Terry and Edgar Terry. The two last named respondents disclaimed any interest in the proceedings or control over the child, and their connection with the litigation need not be further considered. The other respondents, who are the grandfather and grandmother, respectively, of Effie Johnson, justify under an alleged appointment of Seth Terry by the county court of Gage county as guardian of said child. They also allege that the relator herein has neglected his daughter and permitted her to come in contact with persons unfit to associate with a minor child; that respondents are able and willing to properly rear, educate and care for their grandchild; that it is for the best interests of the child that her

custody be changed; and, finally, that the county court, by virtue of the aforesaid proceedings, first acquired, and therefore has, exclusive jurisdiction of the subject matter of the litigation. Relator admitted the institution and pendency before the county judge of the habeas corpus proceedings as alleged, and thereupon the district court refused to try the case upon its merits, but dismissed relator's petition. Relator appeals.

The arguments and briefs of counsel are devoted largely to a consideration of the jurisdiction of county courts and county judges to issue writs of habeas corpus under any state of facts, and, whether, if that jurisdiction exists, such writs may lawfully run beyond the limits of the county. The arguments are not devoid of merit, but we do not find it necessary to pass upon the questions thereby presented.

In 1905 the legislature passed "An act to regulate the treatment and control of dependent, neglected and delinquent children." Laws 1905, ch. 59. This act, with some slight amendments made in 1907, is published as article II, ch. 20, Comp. St. 1909. It provides that a child who does not have proper parental care or guardianship, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care the child may be, is an unfit place for such infant, is a neglected or dependent child within the meaning of the statute. The district courts of the several counties in the state, and the judges thereof in vacation, are given original jurisdiction of all cases coming within the terms of the act. The county court is given jurisdiction concurrent with the district court, but is not permitted to exercise that power unless the district judge is absent from the county. Any reputable person, a resident of the county, having knowledge that a dependent or neglected child is within that county, may file with the clerk of the court having jurisdiction of the matter a verified petition stating the facts, and thereupon the clerk shall issue a summons commanding the person having custody of said

child to appear with said infant before the court within 24 hours after service of the writ. The parents or guardians of the child, if known, shall also be notified of the pendency of said proceedings. A summary hearing is provided for, and the judge is authorized to release the child from the possession of its custodian and commit the infant to the charge of some reputable citizen of good moral character, or to the control of accredited institutions for the care of infant children, or, in extreme cases, to a state industrial school. The court, having acquired jurisdiction of the child, may subsequently make such further and other orders as may be proper for its best interests. The act provides for probation officers and a complete procedure for the prompt dispatch of proceedings instituted by virtue of the statute. The act is complete in itself, and repeals by implication all other prior legislation inconsistent therewith. If, before the passage of this act, the county court of Gage county had jurisdiction to issue a writ of habeas corpus in cases like the one at bar, and we do not so decide, that authority was repealed by the enactment of article II, ch. 20, *supra.* Such being the case, what disposition should be made of the pending litigation?

Counsel for relator argue that we should direct the respondents to return Effie Johnson to Douglas county. If the order to be made affected relator and respondents only, the argument would be pertinent, but we are to consider first the welfare of the infant. There is a strong presumption that the father should have the custody of his child. *State v. Porter,* 78 Neb. 811. This assumption is reinforced by the orders and judgments of this court, and those of the district court, in the preceding litigation between the parties, but it is not conclusive. Relator, by his conduct subsequent to the termination of said litigation, may have forfeited all right to the further custody of his child, and the court should determine that fact by reference to the events that have occurred subsequent to the date relator received the custody of his daughter.

That child is within the jurisdiction of the district court for Gage county and of its judges, under the provisions of article II, ch. 20, Comp. St. 1909, and the pleadings are probably sufficient to bring to the court's attention every fact necessary for a final determination of the controversy between the parties hereto. It will be the duty of the district court, if in session, otherwise of one of the judges thereof, upon a reversal of this case to try it with all convenient speed and determine whether relator has forfeited his right to continue as the custodian of his daughter, and, if so, then to commit her to the charge of some reputable person able and willing to care for and educate her. Inasmuch as respondents have secured custody of said child by the execution of void process, an order should be made depriving them of that possession pending a determination of this case; and during that time the child should either be placed in charge of her father, upon his giving security for her production, to abide the orders of the district court or judge, or given in charge of some reputable person. Unless the evidence establishes that relator's influence is detrimental to his daughter's welfare, the final order of the court, in any event, should permit him to visit his child at all proper times and places. We do not hold that article II, ch. 20, Comp. St., *supra,* has in any manner circumscribed the authority of the district courts to issue writs of habeas corpus according to the law and practice existing before the enactment of that statute.

The judgment of the district court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

REVERSED.