W. A. WELLS, APPELLEE, v. FARMERS STATE BANK OF OVERTON: CLARENCE G. BLISS, RECEIVER, APPELLANT: ARTHUR A. FOREMAN ET AL., APPELLEES.

FILED JUNE 29, 1931. No. 27747.

*C. M. Skiles, I. D. Beynon* and *Frank M. Johnson,* for appellant.

*James E. Bednar, Miller & Blackledge* and *Stewart & Stewart, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

DEAN, J.

October 16, 1919, Arthur A. Foreman and Dora M. Foreman, his wife, executed their promissory note in the principal sum of $20,000, payable on demand to the order of W. A. Wells, the plaintiff herein, and, as security for the money so loaned, the Foremans made and executed their certain mortgage deed upon the following described property, namely, the east half of the northeast quarter, and the southeast quarter of section 35, township 9, range 20 west of the sixth principal meridian, in Dawson county. When the note was executed, Foreman was one of the principal stockholders of the Farmers State Bank of Overton and also its president. While the note was executed in the name of the Foremans, the transaction was, in fact, a loan to the bank for its convenience. Subsequent to the execution of the note, namely, on December 16, 1929, the bank was declared insolvent and was placed under the direction of the department of trade and commerce and Clarence G. Bliss, as secretary of the department, was appointed receiver of the bank.

Wells began this action against the Foremans and also Clarence G. Bliss, as receiver of the bank, in the district court for Dawson county, to recover the sum due on the $20,000 note, and, pending the sale of the land, Wells prayed that a receiver be appointed by the court to take charge of the mortgaged premises to prevent such property from being materially wasted. Thereupon, pursuant

to the prayer of Wells, the court appointed W. Rollin Smith as receiver of the property. Bliss, however, as receiver of the failed bank, has appealed on the ground that the court was without authority to make such appointment and that the mortgaged property is under the control of the department of trade and commerce.

In respect of the duties imposed on the department of trade and commerce, where a failed bank is involved, section 8-181, Comp. St. 1929, imposes the following provision:

"Such department may forthwith take possession of the property and business of such bank and shall thereafter conduct the affairs of said bank, and shall retain possession of all money, rights, credits, assets and property of every description belonging to such bank, as against any means or final process issued by any court against such bank or corporation whose property has been taken."

The plaintiff, however, relies on section 20-1081, Comp. St. 1929, which contains this provision:

"A receiver may be appointed * * * in an action for the foreclosure of a mortgage when the mortgaged property is in danger of being lost, removed or materially injured, or is probably insufficient to discharge the mortgage debt."

Under the provisions of section 8-181, above cited, the department of trade and commerce has under its jurisdiction all of the property of every description belonging to or connected with the insolvent bank in question. And where the receiver has been appointed by the court and the bank has been placed under the direction of the department of trade and commerce some months before the application of the plaintiff for a receiver, it appears to us that the court was without authority to appoint another person as a second receiver.

In *People v. Central City Bank*, 53 Barb. (N. Y.) 412, the court said:

"Where two receivers are appointed, of the same bank,

under distinct and independent proceedings, and by the terms of their respective appointments each has entire control of all the assets of the bank, they cannot with propriety both act; the title of the one is necessarily exclusive of that of the other, and the question of priority must be determined as a legal right."

And in *Worth v. Piedmont Bank*, 121 N. Car. 343, where proceedings for a receiver were begun in two different courts and a different receiver was appointed in each case, the court held that the priority as between the receivers was to be determined by the respective dates of their appointment. And while the present case is not the outgrowth of an action resulting from the appointment of two receivers for the same bank, two receivers, under the facts before us herein, will of necessity be connected with the disposition of the same property. In an action for the appointment of a receiver for certain mortgaged property on the ground that such property is in danger of being materially injured and is insufficient to discharge a mortgage debt, the provisions of section 20-1081, Comp. St. 1929, are inapplicable where such property with all other assets of an insolvent bank were then in the hands of another receiver duly appointed to take charge of its affairs.

It is suggested that there may be doubt as to whether Clarence G. Bliss, "as the statutory receiver of insolvent banks in Nebraska, can properly serve in the dual capacity of being also receiver in a mortgage foreclosure involving land to which he as receiver of such failed bank holds the title." But it is, of course, elementary that receivers are not appointed primarily for the benefit of officers and stockholders of a corporation but for the benefit of creditors as well. *State v. Des Moines Union Stock Yards Co.*, 197 Ia. 987. "The receiver stands indifferent, as between the parties, though appointed on the application of one of them, and must prudently preserve and protect the property intrusted to him as an officer of the court."

*First Nat. Bank v. White Ash Coal Co.*, 188 Ia. 1227.

In view of the facts before us, we conclude that the judgment herein must be and it hereby is reversed, with directions that a judgment be entered consistent with the views herein expressed.

REVERSED.