PRUDENTIAL INSURANCE COMPANY, APPELLEE, V. CLARENCE G. BLISS, RECEIVER, APPELLANT.

FILED FEBRUARY 11, 1932. No. 28031.

*Moyer & Moyer* and *F. C. Radke,* for appellant.

*Williams & Williams, Raymond J. Gibbons* and *Quintard Joyner, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

FROST, District Judge.

This is a foreclosure suit commenced in the district court for Boone county in which the mortgagee, plaintiff, applied for the appointment of a receiver. A hearing was had and the trial court made a finding that the mortgaged property was probably insufficient to discharge the mortgage and that the plaintiff would, under ordinary circumstances, be entitled to a receiver. However, the court further found that the Newman Grove State Bank held the title to the real estate involved in the foreclosure suit, and that that bank was in the hands of a receiver, and the court was in doubt whether a receiver could be appointed under such circumstances. The court then ordered Harry Henatsch, the assistant to the receiver in charge of said bank, "to hold the 1931 and subsequent rents and profits from said real estate pending this litigation, and if said real estate at the foreclosure sale sells for less than the total liens found against it in this suit, then and in such case the plaintiff or any cross-petitioner who has obtained a deficiency judgment may apply to any court having jurisdiction over the matter for an order to apply any proceeds in his hands derived from the 1931 and subsequent crops to said deficiency."

The evidence shows that Clarence G. Bliss, secretary of the department of trade and commerce, in 1929 had been appointed receiver of the Newman Grove State Bank by the district court for Madison county; also that at the time of the commencement of the foreclosure suit Bliss, as such receiver, had possession and control of the real estate

covered by the mortgage. The bank receivership, therefore, was already functioning in January, 1931, when the Prudential Insurance Company, the appellee herein, commenced the foreclosure suit. In February, 1931, the insurance company applied for the appointment of a receiver to take charge of the real estate and to collect the rents and profits, claiming that the property was probably insufficient to pay the mortgage debt. Due notice was given of this application to Bliss as receiver and a hearing was had in the district court for Boone county, and on March 25, 1931, the court made the order already referred to. Bliss, as receiver, has appealed from that order.

The first receiver had been appointed under the provisions of the statute relating to the liquidation of an insolvent bank. No question has been raised as to the regularity of the appointment of the secretary of the department of trade and commerce as such receiver or of the order for the liquidation of the Newman Grove State Bank as an insolvent institution. Mr. Bliss' duties as receiver required him to take possession of the assets of the insolvent bank and in this way he acquired the possession of the real estate involved in the foreclosure suit.

The real estate is located in Boone county and the foreclosure suit, in accordance with section 20-2139, Comp. St. 1929, was commenced in the district court for that county. The court found that the mortgaged property was probably insufficient to pay the debt, with which finding we have no complaint. But to have appointed a receiver, the only way to give the rents to mortgagee pending the foreclosure, would have resulted in a conflict of jurisdiction.

Because of conflicts of similar character it has been necessary for the courts to work out a rule of comity. The rule thus evolved is a sensible one, to wit: Where property is in actual or constructive possession of and subject to the jurisdiction of one court, another court of concurrent jurisdiction cannot interfere with that possession. *Moran v. Sturges*, 154 U. S. 256; *Terry v. State*, 77 Neb.

612; *Ryan v. Donley,* 69 Neb. 623; *Leigh v. Green,* 62 Neb. 344.

Chief Justice Fuller in *Moran v. Sturges, supra,* states the rule as follows: "It is a rule of general application that where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court."

In *Terry v. State, supra,* the same rule is expressed, as follows: "It is a well-settled rule that where one court of competent jurisdiction in a proceeding *in rem* obtains jurisdiction of the *res,* or, in other words, the thing in controversy, no other court can acquire jurisdiction over it. 'It is a rule well known to the profession that where two courts have concurrent jurisdiction, that which first takes cognizance of the case has the right to retain it to the exclusion of the other; that where property is *in gremio legis,* if it be a court of rightful jurisdiction, no other court can interfere and wrest from it the jurisdiction first obtained.' "

In *Leigh v. Green, supra,* there is an excellent discussion of the rule covering the jurisdiction of different courts over the same property. In that case Commissioner Albert sustains the validity of a tax foreclosure which was carried on, although a prior attachment suit was pending in the federal courts. He admits that the doctrine of the supreme court of the United States is: "When two courts have concurrent jurisdiction, that which first takes cognizance of the cause has the right to retain it to the exclusion of the other; that where property is *in gremio legis,* if it be a court of rightful jurisdiction, no other court can interfere and wrest from it the possession and jurisdiction first obtained; and that a sale, under an order of one court, of property in the custody or possession of another conveys no title." He then cites a large number of authorities from the supreme court of the United States. Judge Albert's opinion then continues: "This rule has its foundation, it would appear, not merely in comity, but in necessity; for were it otherwise, the orders of one court

might be offset by those of another, and the parties left without any remedy; besides, in their rivalry for possession of property in controversy, a conflict would arise that would not only be embarrassing in the administration of justice, but would be liable to lead to unseemly strife and personal conflicts between the officers of the different courts. A study of the cases cited shows that in each case the property was in the actual or constructive possession of the court whose jurisdiction was invaded. The decisions are based, in most cases, upon the facts that the subsequent proceedings in another court would interfere with such possession." Judge Albert, after recognizing the general rule of comity between courts covering their jurisdiction over the same property, then differentiates the position of the parties in *Leigh v. Green,* and concludes that the distinction is that in the attachment the federal court, by its levy, did not obtain possession of the real estate.

The failure of the court in the foreclosure to appoint a receiver is a recognition of the legal principle involved in the decisions just referred to; that is, that one court cannot interfere with the property already in the possession of another court. The mortgagee argues that as the findings of the trial court would entitle it to a receiver in the foreclosure suit, except for the priority of possession in the bank insolvency case, it was entitled to the relief given by the order of March 25, 1931. We fully concur in the mortgagee's contention that it is entitled to relief that it might have received through a receivership. However, we cannot agree with the method by which the court undertook to give those rights. The difference, then, is one of procedure. When it developed in the foreclosure suit that another court had possession of property involved and that a receiver could not be appointed as provided by statute in a foreclosure suit, the court in that suit was powerless to give the mortgagee possession through the appointment of a receiver, notwithstanding that was the only method for granting relief open in the foreclosure suit. *Huston v. Canfield,* 57 Neb. 345.

We agree with the bank receiver's contention that the only assignment of error of the appellant that need be considered is that relating to the order of March 25, 1931, which authorized Henatsch to hold the rents pending the conclusion of the foreclosure suit. Does this order interfere with the rule of comity between courts? The order directs him "to hold the 1931 and subsequent rents and profits from said real estate pending this litigation." In order to hold these rents he must in some way come into possession of them. With a receiver already in possession, no legal method was open to Henatsch to carry out this order without interfering with the prior possession of that receiver.

We are not unmindful of the claim of the insurance company, mortgagee, that Henatsch is referred to in the order as "assistant to the receiver in charge of said bank," but this designation is simply descriptive and the order deals with Henatsch as an individual. *Andres v. Kridler*, 47 Neb. 585; *Western Wheeled Scraper Co. v. McMillen*, 71 Neb. 686. Both of these cases are suits upon promissory notes wherein the signers are identified following their signatures as directors of companies which they represented. Notwithstanding these identifications, the court in both cases hold that such designations should be rejected as *descriptio personæ* and that the defendants are sued as individuals.

A recent decision of this court fully justifies the trial court in refusing to appoint a receiver. We refer to the case of *Wells v. Farmers State Bank*, 121 Neb. 462. This case is quite similar to the one at bar, in that the property involved in the mortgage foreclosure was already in possession of the receiver appointed to liquidate the affairs of an insolvent bank. In the opinion this court said that the statute authorizing the appointment of a receiver in a mortgage foreclosure action is inapplicable where such property was at the time under the control of another receiver. The court also in the *Wells* case decided that there was no valid reason why the receiver in the bank insolvency case could not also act in the foreclosure suit.

The supreme court of South Dakota in handling a similar situation held that the exclusive possession and control of property of an insolvent bank are in the superintendent of banks after such bank is taken over by him, subject to the authority of the circuit court of the county of the bank's domicile. That court, in concluding its opinion, suggests the remedy that is available to the mortgagee when such legal complications develop: "We can see no reason why a mortgagee, who, under the provisions of subdivision 2 of section 2475, Rev. Code 1919, would in an ordinary case be entitled to relief through the appointment of a receiver, may not get the same relief by application to the court in the insolvency proceedings. If he can, and we so hold, then the machinery provided for securing relief under that section must give way to the machinery provided for winding up the affairs of an insolvent bank. Not only will there then be no conflict of jurisdiction between courts and between the superintendent on the one hand and a receiver on the other, but the estate of the insolvent bank will be saved the expense of the receivership." *Hanson v. Sogn,* 50 S. Dak. 44.

We therefore conclude that the order of March 25, 1931, must be and hereby is reversed and the cause remanded, with directions to the district court to vacate the order of March 25, 1931, and to dismiss the application for the appointment of a receiver at the cost of the applicant.

REVERSED.