PRUDENTIAL INSURANCE COMPANY, APPELLEE, V. CLARENCE G. BLISS, RECEIVER, APPELLANT.

FILED JULY 19, 1932. No. 28031.

*F. C. Radke* and *Moyer & Moyer*, for appellant.

*Quintard Joyner, Williams & Williams* and *Raymond J. Gibbons, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

GOOD, J.

This cause is before the court on motion for rehearing, orally argued, and will be treated as though a rehearing had been formally allowed. The former opinion is reported in 122 Neb. 561, reference to which is made for a statement of the facts.

Grave doubts have arisen as to the soundness of the principles announced in our former opinion, as well as those announced in *Wells v. Farmers State Bank,* 121 Neb. 462, and *Wells v. Farmers State Bank,* 121 Neb. 466. For that reason it is deemed proper to reexamine the questions there considered.

Foreclosure of a real estate mortgage can only be had in the district court for the county in which the mortgaged realty, or some part thereof, is situated. Comp. St. 1929, sec. 20-401. The district court only is vested with jurisdiction to decree foreclosure of a real estate mortgage, and only that court, sitting for the county where the mortgaged realty, or some part thereof, is situate.

Where title to mortgaged real estate is in an insolvent state bank which is under receivership, the district court for the county appointing the bank receiver is powerless to entertain a proceeding to foreclose the mortgage, unless the mortgaged premises, or some part thereof, is situate in that county, and such court, while having general jurisdiction of the bank receivership, is powerless to appoint a receiver for the mortgaged premises in a foreclosure proceeding pending in another county.

Section 20-1081, Comp. St. 1929, provides for the appointment of a receiver "In an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed or materially injured, or is probably insufficient to discharge the mortgage debt." The provision is for the receiver to be appointed in the foreclosure action, not in some other action or in some other court.

It is a well-recognized rule that the appointment of a receiver in a foreclosure action is ancillary to the main action. The receiver is appointed for the purpose only of conserving the mortgaged property and applying the rents and profits of the mortgaged premises to the satisfaction of the debt secured by the mortgage. While the mortgagee of the mortgaged premises is entitled to the appointment of a receiver for such premises under the conditions named in section 20-401, Comp. St. 1929, it has been held that rents and profits of mortgaged premises cannot be diverted from the mortgagor or tenant lawfully in possession, except by the appointment of a receiver, pursuant to the provisions of said section 20-401. *Huston v. Canfield,* 57 Neb. 345. The holding in that case is cited with approval in *Sanford v. Anderson,* 69 Neb. 249, 252, and in *City of Lincoln v. Lincoln Street R. Co.,* 75 Neb. 523, 527.

In *Armstrong v. Mayer,* 60 Neb. 423, it is held: "Where a right is given by statute and a specific remedy is provided designating the tribunal for the enforcement thereof, the jurisdiction of such tribunal is exclusive unless the law otherwise provides."

It is a general rule that, where property is in the actual or constructive custody of a court, another court will not, in a subsequent action, interfere with such custody. Ordinarily, the one first acquiring jurisdiction and custody of the property will retain it to adjudicate all rights with respect thereto; but such rule has its limitations and exceptions. Where a court has jurisdiction and custody of property, and one, not a party to the proceeding in that

court, has a superior right in or to such property which the court is powerless to adjudicate or protect, such party, to enforce his right, may apply to another court which has jurisdiction and power. A common illustration of such a situation is presented when an administrator or executor, duly appointed, has taken possession of the decedent's real estate which is subject to a mortgage. In such case the county court appoints the administrator or executor and has exclusive original jurisdiction in the administration of decedent's estate, but the county court is powerless to grant foreclosure of a mortgage on real estate or to entertain a proceeding therefor. When such a situation arises, the mortgagee may bring an action in the proper district court for the foreclosure of his mortgage. Notwithstanding the real estate may be said to be in the custody and control of the county court, that custody and control must yield where the mortgagee has a right superior to that of the administrator or executor. In such case the district court, at the suit of the mortgagee, necessarily interferes and takes from the county court the jurisdiction and custody of the mortgaged premises to the extent that it may be necessary to satisfy the mortgage. If there be a surplus after satisfaction of the mortgage and costs in the foreclosure action, such surplus, of course, would revert to, and should be placed in the custody and control of, the administrator or executor, and should be subject to the order of and disposition by the county court.

It is true that district courts for the various counties and districts have like jurisdiction, but, as respects certain classes of cases, only the district court for a given county is possessed of jurisdiction. One of these is for the foreclosure of a real estate mortgage. The district court for any county, other than that in which the mortgaged real estate, or some part thereof, is situate, has no jurisdiction to entertain an action for the foreclosure of the mortgage. In this sense, the jurisdiction of the various courts is not concurrent. The district court appointing a receiver for an insolvent bank, which holds legal

title to realty in another county, possesses no jurisdiction to entertain a proceeding for foreclosure of the mortgage. That the mortgagee of realty, when default has been made in the conditions of the mortgage, is entitled to a foreclosure thereof cannot be questioned. He can have foreclosure only in the county where the realty, or some part thereof, is situated.

In the instant case, the affairs of the insolvent Newman Grove State Bank were in process of liquidation under a receiver, appointed by the district court for Madison county in the ninth judicial district. The mortgaged land in controversy is situate in Boone county in the sixth judicial district. The legal title to this land was in the insolvent bank, and its receiver was in constructive possession thereof. Plaintiff was the owner and holder of a mortgage on said land, executed by the bank's grantor. There had been default in the conditions of the mortgage. Plaintiff exercised the right given it by statute to institute a proceeding to foreclose the mortgage in the district court for Boone county, that being the only court that had jurisdiction to grant such relief. The receiver was made a party, filed an answer, and filed a request for a stay of sale under the decree of foreclosure. The receiver recognized that that court had jurisdiction to hear and determine the foreclosure action. No one questions the right of the plaintiff to a foreclosure of its mortgage, nor that such foreclosure action must be prosecuted in the county where the realty is situated.

The pivotal question is: May the court, where the foreclosure action is pending, appoint a receiver for the mortgaged premises, when they are in the constructive possession of a receiver, previously appointed by the district court for another county in a proceeding for liquidation of the affairs of an insolvent state bank?

On behalf of the receiver of the insolvent bank, it is vigorously insisted that the mortgaged realty is *in gremio legis,* and that the district court for Boone county is powerless to interfere with the custody of the bank re-

ceiver. Many cases are cited and relied upon to sustain this contention. Upon a close examination, many of them are found not strictly in point. Most of them relate to applications for the appointment of a receiver when the property was already in the custody of a receiver, appointed by another court, and where the court, first appointing a receiver, had jurisdiction to grant full relief to the party seeking appointment of a second receiver.

The case most strongly relied upon is *Hanson v. Sogn,* 50 S. Dak. 44. In the course of the opinion in that case, in effect, it is said that, where a state bank is insolvent and in the hands of the superintendent of banks, no receiver may be appointed in an action to foreclose a mortgage on real estate, the title to which is held by the insolvent bank. It is further said (p. 47) : "We can see no reason why a mortgagee, who, under the provisions of subdivision 2 of section 2475, Rev. Code 1919, would in an ordinary case be entitled to relief through the appointment of a receiver, may not get the same relief by application to the court in the insolvency proceedings. If he can, and we so hold, then the machinery provided for securing relief under that section must give way to the machinery provided for winding up the affairs of an insolvent bank." It will be observed that the court denied receivership in the foreclosure action, upon the ground that the mortgagee could obtain complete relief in the bank insolvency proceedings.

In the case of *Terrell v. Cheatham,* 200 Ky. 667, where the trial court, at the instance of general creditors of a debtor, had appointed a receiver or trustee to take charge of all the property of the debtor, and thereafter a mortgagee of a part of the property commenced foreclosure proceedings and asked for the appointment of a receiver for the particular property, the court said (p. 677) : "We cannot see how such action by the court in one case can interfere with its power to appoint a receiver in another case to take charge of mortgaged property for the benefit of creditors having liens thereon, and as is expressly provided may be done under the provisions of section 299

of the Code. In fact, we are unable to see any reason why the court might not do this even where the two cases had been consolidated and heard together, or even if there had never been but one case in which the whole matter here involved in the two cases was being litigated. The two statutes are not repugnant to each other, and there could be no possible conflict even though in one case a general trustee was appointed under section 1910 of the statutes, and a special receiver was appointed under section 299 of the Code." In that case both proceedings appear to have been in the same court.

In *Leigh v. Green,* 62 Neb. 344, it is held: "The holder of a tax lien may bring an action for the foreclosure in a state court and prosecute the same to a decree and sale of the land, notwithstanding the pendency of an action between other parties, in the federal courts, wherein such lands have been levied upon under an order of attachment." In that case the rule is recognized that, where two courts have concurrent jurisdiction, that which first takes cognizance of the case has the right to retain it to the exclusion of the other. The reasons for the rule are stated with precision. In the course of the opinion it is said (p. 355): "A study of the cases cited shows that in each case the property was in the actual or constructive possession of the court whose jurisdiction was invaded. * * * In none of these cases was the question of the effect of a foreclosure of a mortgage, or other lien on real estate, and the sale thereof in a state court, pending an action between other parties in a federal court, wherein the same property had been levied upon under an order of attachment directly raised, nor was the determination of that question necessary to a decision in any of said cases. Hence, whatever expressions they may contain on that point are dicta." The opinion also cites with approval *National Foundry & Pipe Works v. Oconto City Water Supply Co.,* 105 Wis. 48, wherein that court held that the commencement of a suit in the federal court, to enforce a mechanic's lien or a materialman's lien on property, does not preclude the foreclosure of a mortgage on

the same property in the state court; that where there is no possession, other than constructive, a suit on a different cause of action may be commenced in the state court and carried to judgment and actual 'possession of the property obtained under it, notwithstanding the pendency of the action in the federal court. To the same effect is *Compton v. Jesup*, 68 Fed. 263.

In *Southern Hardware & Supply Co. v. Lester*, 166 Ala. 86, it is held: "Where a court which first takes jurisdiction of the cause has adequate jurisdiction to grant relief to which the parties are entitled, and the court's jurisdiction and plaintiff's right to proceed therein once attaches, it cannot be arrested or taken away by proceedings in any other court; this rule does not apply if the power of the court is too limited to afford relief to which the party is entitled."

In 15 C. J. 1140, it is said: "Where mortgaged personalty is levied on under an attachment against the mortgagor, the mortgagee may maintain an action in another court to protect his rights as against the attaching creditors, and the court in which such action is prosecuted may appoint a receiver to administer the property."

In the instant case, the statute gives to the plaintiff a right to the foreclosure of its mortgage upon default in the conditions thereof. The statute further prescribes the court in which such action must be brought, and also provides that in such action, if the court finds the mortgaged property insufficient to pay the mortgage debt, the mortgagee is entitled to the appointment of a receiver, to take charge of the property and receive the rents and profits. As above noted, no other court than the one in which the foreclosure action is pending could appoint a receiver in the foreclosure action. As heretofore pointed out, the court in which the insolvency proceedings were pending did not have adequate power or jurisdiction to grant to plaintiff the relief to which it was entitled by virtue of the statute. It must be further remembered that, prior to the appointment of the bank receiver, the plaintiff would have been entitled, without question, to the appointment

of a receiver in the foreclosure proceeding. When that receiver was appointed, he stepped into the shoes of the bank. He took possession of the land, subject to the mortgage and subject to the rights of the mortgagee. His rights were junior and inferior to those of the mortgagee. To give effect to the technical rule invoked by the receiver of the bank would be to deprive plaintiff of the rights guaranteed it by statute. This the court cannot do.

We are forced to the conclusion that, under the facts disclosed, plaintiff was entitled to the appointment of a receiver in the foreclosure action. The trial court did not appoint a receiver, but attempted to enforce plaintiff's rights in a way not authorized, namely, by directing the assistant to the receiver of the insolvent bank to collect and hold the rents, subject to the further order of the court appointing the receiver in the insolvency proceeding. The order entered by the trial court was erroneous. It should have appointed a receiver for the mortgaged premises.

Because of the conclusion now reached, our former opinion in this case and judgment entered pursuant thereto are vacated, and the opinions in *Wells v. Farmers State Bank,* 121 Neb. 462, and *Wells v. Farmers State Bank,* 121 Neb. 466, in so far as they are in conflict with the views herein expressed, are overruled.

The judgment and order of the district court is reversed and the cause remanded to that court for further action consistent with this opinion.

REVERSED.

BEGLEY, District Judge, dissents.

ROSE, J., dissenting.

I did not hear the oral argument on the motion for a rehearing, but I deem it my duty to make the record express my views of the law pursuant to the supreme court rule which permits a motion for a rehearing to be considered *ex parte.* I am prompted to pursue this course because the opinion of the majority, as I view it, departs from a sound principle of law and erroneously sets aside.

the former decision which, when rendered, conformed to my convictions and which upon reexamination I consider to be right. On grounds that appear to me to be indefensible, the opinion of the majority overrules former opinions that justify themselves on reason and authority.

Before any court appointed a receiver in a suit to foreclose the mortgage, a court of competent jurisdiction appointed a receiver to take charge of the assets of the insolvent bank. One of those assets was the legal title to the mortgaged land, including the right to redeem it from liens and to collect the rents and profits. By a valid judgment with which there was no conflict, the bank receiver was required to collect the rents and profits of the mortgaged land. In the foreclosure suit before a court of equal rank in another jurisdiction, the appointment of a receiver to take charge of the rents and profits would be a judgment modifying the judgment of the court that first acquired jurisdiction and taking from an officer thereof the right to control property lawfully in his custody. The law does not create such a conflict of jurisdiction between district courts, and in my opinion a rule that authorizes such a conflict is fundamentally wrong and will be far-reaching in evil tendencies.

If the statute permitting the appointment of a receiver in a suit to foreclose a mortgage authorizes a conflict of jurisdiction between district courts, it is inapplicable to a case like the present. The jurisdiction of a court to appoint a receiver for an insolvent banking corporation comes from the Constitution—a higher source than an act of the legislature. *State v. State Bank of Minatare, ante,* p. 109. The court appointing a receiver for mortgaged land does not have jurisdiction superior to that of a court appointing a bank receiver having control of the same property under the earlier judgment. A receivership in a foreclosure suit is not necessarily required by legislation or rules of equity. The statute provides that a receiver "may" be appointed. The provision is not mandatory. The court acquiring jurisdiction in a foreclosure suit should decline to appoint a receiver to collect rents

and profits, where a bank receiver acting under a prior valid judgment is already performing that service. This would not prevent a foreclosure or prevent mortgagee from applying to the court having jurisdiction over the bank receiver for the protection of any right to rents and profits. A receivership in a foreclosure suit is an incident to the remedy for collecting a debt. The law puts a mortgagee to some inconvenience in collecting a debt by a resort to the courts, but this is a burden that falls on creditors generally. There is no exigency in foreclosure to justify a conflict of jurisdiction between district courts. It seems to me the majority opinion will not stand the test of analysis, reason or acceptable precedent. Entertaining these views, I am unwilling to allow the law stated by the majority to go on the record unchallenged.