THEODORE E. LAUTS, REVIVED IN THE NAME OF KAREN A. KOPECKY, PERSONAL REPRESENTATIVE OF THE ESTATE OF THEODORE E. LAUTS, DECEASED, APPELLEE, V. JEROME E. PROKOP ET AL., APPELLANTS, IMPLEADED WITH GARY LAUTS ET AL., APPELLEES.

263 N. W. 2d 100

Filed March 1, 1978. No. 41382.

Robert T. Finn and Pierson, Ackerman, Fitchett & Akin, for appellants.

No appearance for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from a judgment of the District Court for Boyd County, Nebraska, granting partition and dismissing a claim of adverse possession. Theodore E. Lauts, succeeded by his personal representative, the appellee, brought an action for the partition of real estate; in a separate action, Jerome E. Prokop sought to quiet title in himself to the same property, claiming that he had acquired it by adverse possession. The actions were consolidated for trial and judgment was entered finding the interests of the parties, granting partition, and dismissing the quiet title action. The judgment also contained findings that exhibit 13, a note executed by Bessie A. Lauts to appellant during her lifetime, was not barred by the statute of limitations, but had been satisfied by the application of rents retained by the appellant. The only assignment of error goes to the making of such findings and the portion of the judgment ordering that the note was discharged. We sustain the assignment of error.

Bessie A. Lauts and the appellant became tenants in common of the real estate sought to be partitioned by inheritance from their parents. On April 20, 1932, Bessie A. Lauts executed, and delivered to appellant, a promissory note for $1,388 due when appellant should purchase her interest in said real estate. The note was unsecured. Appellant never made the purchase. After the death of Bessie A. Lauts, and before the filing of either of these actions, appellant

duly filed a claim upon said note in the proceedings for the probate of the estate of Bessie A. Lauts; however, the record here does not show the disposition of such claim. No reference to the note is made in any of the pleadings in either action herein, and neither prayer seeks an adjudication of liability thereon. The note was introduced in evidence by appellant, who suggests it was material to the issue of adverse possession.

There are two reasons for the sustaining of the assignment of error. First, the finding of the court that the note was not barred by the statute of limitations, but that it had been satisfied by the application of rentals for which the appellant had not accounted, related to a subject not brought before the court by any pleading and which was foreign to the issues submitted for determination. The findings and order of the court as to the note were beyond the jurisdiction of the court and were void. Lincoln Nat. Bank v. Virgin, 36 Neb. 735, 55 N. W. 218; Branz v. Hylton, 130 Neb. 385, 265 N. W. 16; Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335. Secondly, the appellant had previously filed a claim upon said note against the estate of Bessie A. Lauts, deceased. The probate court thereupon acquired jurisdiction to adjudicate all issues with reference to such note. Even though such previous filing may not have come to the knowledge of the trial court, nevertheless the prior jurisdiction of the probate court prevented the District Court from ever acquiring jurisdiction over the same subject matter. Terry v. State, 77 Neb. 612, 110 N. W. 733; Leigh v. Green, 62 Neb. 344, 86 N. W. 1093.

The findings and order of the trial court relating to exhibit 13, the promissory note, are hereby reversed and vacated; in all other respects, the judgment of the trial court, as thus modified, is affirmed.

AFFIRMED AS MODIFIED.