JOHN G. JACOBS, APPELLEE, v. JAMES S. GIBSON, APPELLANT.

1. **Foreclosure of Mortgage**: RECEIVER. In the appointment of receivers in foreclosure suits very much is left to the discretion of the district judge, and unless it is made to appear that this discretion has been exercised unwisely, and to the injury of the party complaining, it will not be interfered with.

2. ——— : ———. In the foreclosure of a mortgage the plaintiff is entitled to the appointment of a receiver to take charge of the property and collect rents, when it is made to appear that the mortgaged property is "probably insufficient to discharge the mortgage debt."

3. ——— : ———. In such cases no exception is made in favor of the executors or administrators of deceased mortgagors.

APPEAL from Douglas county.    It was an action brought to foreclose a mortgage given by Jacob Gish, deceased, to John G. Jacobs, the plaintiff, on the 12th day of March, 1874, to secure the purchase money in part of the lot upon which the mortgage was given. The purchase price for which the lot was sold was $9,000, of which $2,000 was paid in cash at the time of purchase and three notes given for the balance, one for $2,000 payable in one year, one for $3,000 payable in two years, and one for $2,000 payable in three years, and all bearing interest at 12 per cent from date.    The first note was paid in full, and the interest on the other two notes was paid to April 1, 1877.    On the 21st day of February, 1878, the said Gish died,

leaving a widow and three minor children, and on the 25th day of March, 1878, J. S. Gibson was duly appointed administrator with the will annexed of said Gish. On the 3d day of April, 1878, after the administrator had entered upon the discharge of his duties and had taken possession of the mortgaged premises and leased them to the purchaser of the stock for the term of six months, this action for the foreclosure of the mortgage was commenced, and an application for the appointment of a receiver to take charge of the mortgaged property, and to rent the same and receive and collect the rents, accompanied the commencement of the action. This application came on to be heard on the 22d day of April, 1878, upon affidavits on behalf of both parties, and was denied, "with leave to plaintiff to renew the the same at the rendition of a final decree herein, or at the next (June, A.D. 1878) term of this court." Afterwards, on the 27th day of July, 1878, SAVAGE, J., at chambers, made an order appointing a receiver "to take charge of rent and collect the rents from that portion of said mortgaged premises," etc. From the order appointing the receiver, Gibson, the administrator, appeals.

*George W. Doane*, for appellant, cited Gen. Stat., 315, sec. 202. Id., 307, sec. 164. High on Receivers, secs. 693, 695, 707. *Barclay v. Lord Reay*, 2 Hare, 306. *Poythress v. Poythress*, 16 Geo., 406. *Orphan Asylum v. McCartie*, Hopkins Ch., 429. *Harrup v. Winslet*, 37 Ga., 655. *Dougherty v. McDougald*, 10 Ga., 121. *Powell v. Quinn*, 49 Ga., 523. *Johns v. Johns*, 23 Ga., 31. *Fairbairn v. Fisher*, 4 Jones Eq., 390. *Du Val v. Marshall*, 30 Ark., 230. *Gray v. Gaither*, 74 N. C., 237. *Powell v. Quinn*, 49 Ga., 523. *Chautauqua Co. Bank v. White*, 3 Selden, 252. 2 Story's Eq. Juris., sec.

836. *Middleton v. Dodwell*, 13 Ves., 266. Edw. on Ref., 36, 356. 1 Van Santvoords Eq. Pr., 386, 387, 396. *Jenkins v. Jenkins*, 1 Paige, 243. *Callanan v. Shaw*, 19 Iowa, 183. *Warner v. Gouverneur's Ex's.*, 1 Barb., 36. *Shotwell v. Smith*, 3 Edw., 588.

*Redick & Connell*, for appellee.

LAKE, J.

In the appointment of a receiver, especially in a foreclosure case, very much must be left to the discretion of the district judge, and unless it is made to appear that this discretion has been exercised unwisely and to the injury of the party complaining, this court will not interfere.

This is an action for the foreclosure of a mortgage upon real property, and the application for the appointment of the receiver was made under the last clause of the *second* subdivision of sec. 266 of the code of civil procedure, which provides that it may be made "in an action for the foreclosure of a mortgage when the mortgaged property is in danger of being lost, removed, or materially injured, or is probably insufficient to discharge the mortgage debt." [Gen. Stat., 568.]

A careful examination of the evidence upon which the district judge acted in making the appointment satisfies us that the delicate duty, devolved upon him by the application, was discreetly performed. The full value of the property covered by the mortgage at the time the receiver was appointed, as shown by the average of the estimates placed upon it by nineteen persons, whose affidavits were taken, was considerably less than the aggregate of debt, interest, costs, and taxes, to be satisfied from the proceeds of its sale.

In the absence of an agreement to the contrary, we

Jacobs v. Gibson.

suppose no one would contend but that a mortgagor is entitled to the rents and profits of mortgaged premises until condition broken, or in other words, until such time as the mortgagee is authorized to proceed by action on the mortgage to subject the property to the payment of his debt. Such doubtless is the law. On the other hand, it is equally clear that on a condition broken, by which the mortgagee is authorized to commence foreclosure proceedings, if the property be inadequate security, he has thenceforward an equitable lien upon the rents and profits, or so much thereof as may be necessary to the security of the mortgage debt, which he may enforce by proper proceedings.

It will be noticed that the statute before referred to makes no exception in its operation in favor of executors and administrators. It is general in its application so far as parties are concerned. No matter who the defendants may be, if the mortgaged property be "probably insufficient to discharge the mortgage debt," the plaintiff is in a situation to demand that his security be augmented by enough of the rents and profits to make it good.

Indeed we see no good reason for making an exception in favor of the representative of a deceased mortgor, nor how the court can do it in justice to the mortgagee, for it is very clear that rents collected by the administrator would not be liable to the lien of the mortgage, but would belong to the general assets of the estate, and be distributed accordingly among all the creditors.

We see no error in the record, and the order appointing the receiver must be affirmed.

ORDER AFFIRMED.