appropriate for either equitable or legal relief, and demands judgment for both kinds of relief. It is no more proper to say that the action is solely equitable than it is to say that it is solely a common-law action. It contains all the allegations necessary to enable the plaintiff to recover a money judgment without the aid of equitable relief. Plaintiff does not seek equitable relief, and on the facts proved is not entitled to any. But it is equally true that she does not need equitable relief, and the facts proved establish her right to a recovery not inconsistent with the complaint. Code Civ. Proc. § 3339; Stevens v. Mayor, 84 N. Y. 296; Margraf v. Muir, 57 N. Y. 158; Sternberger v. McGovern, 56 N. Y. 12; Wright v. Wright, 54 N. Y. 437; Hale v. Omaha National Bank, 49 N. Y. 626; Vinton v. Board of Supervisors (Sup.) 2 N. Y. Supp. 367; Alward v. Alward, 15 Civ. Proc. R. 151, 2 N. Y. Supp. 42; Farmers' & Merchants' National Bank v. Rogers, 15 Civ. Proc. R. 250, 1 N. Y. Supp. 757. The cases cited by defendants to the effect that legal relief may not be granted in equitable actions have no application, for the reason that those were solely equitable actions. The plaintiff may have judgment for $1,703.95, with interest from October 30, 1902, and costs, and an additional allowance of 5 per cent.

Judgment for plaintiff.

---

(41 Misc. Rep. 611.)

PEOPLE v. MANHATTAN FIRE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Special Term, Albany County. November, 1903.)

1. RECEIVERS—PAYMENT OF MONEY—INTERMEDIATE ORDERS OF COURT.

A motion of a receiver for an order authorizing him to pay certain money mentioned in his notice of motion, and for an order authorizing the transfer of $2,000 from his general to his special account, with authority to draw from that special account from time to time without further order of the court, will be granted, so far as the withdrawal from the general account and the deposit in the special account; but no intermediate orders authorizing expenditures of money for any specific purpose will be granted, but after the expenditure of any such moneys the receiver must account for the same on his final accounting.

Action by the people against the Manhattan Fire Insurance Company of the City of New York. Motion by receiver for an order authorizing him to pay certain moneys. Motion granted.

HERRICK, J. My denial of the motion of the receiver for an order authorizing and empowering him to pay the money mentioned in his notice of motion, and the granting of an order authorizing the transfer of the sum of $2,000 from his general account to a special account, with authority to draw from that special account from time to time without further order of the court, must not, on the one hand, be taken as a decision by me that the moneys he asked for an order to pay ought not to be paid, nor, upon the other hand, should the second order be taken as an implied authority to pay such moneys. The motion to authorize the receiver to pay out money to the amount and for the purpose set forth in the moving papers was denied, and the order to transfer a sum of money from the general to a special account was made, for the following reasons:

Many proceedings instituted by the Attorney General to cause receivers to make a final accounting have been brought before me. Upon the accounting of one receiver, it appeared that he had received between $80,000 and $90,000, and that, in collecting the accounts due the corporation of which he was appointed receiver, and in the administration of his trust, he had disbursed all the moneys he had received, except the sum of somewhat less than $3; that another receiver, who has received between $80,000 and $90,000, claims that he has disbursed in administrating the affairs of his receivership about $500 more than he has received. The accounts of some other receivers show equally as bad a state of affairs. Upon these accounts being challenged by creditors or by the Attorney General, and an investigation sought, they have been met by orders of the court, granted from time to time, authorizing the expenditures so made; and I have felt constrained to hold, under my interpretation of the decisions of the courts, that these orders were a bar to all investigation of expenditures made under them; that, standing unreversed or unmodified, they afforded a complete protection to the receiver. Those most interested in the assets in the receiver's hands—creditors and stockholders of the corporations—have never had an opportunity to be heard in regard to the disposition of those assets.

As a rule these orders have been made practically ex parte; that is to say, only one side has in fact been heard. Notice has been given to the Attorney General, and either his acceptance of the service of notice of motion, or proof of service of notice of motion upon him, has been produced; and the court, acting upon the assumption that the claim has been investigated by him, and that he found no reason to oppose, has granted the order sought, almost as a matter of course. My impression is that I have in the past granted a number of applications of that kind myself. Of course, where only one side is heard, errors are more liable to be committed than where both appear and are heard. For these reasons, I have determined that, as a general rule, I will refuse to make any intermediate orders authorizing the expenditure of money by a receiver for any specific purpose. This rule, I appreciate, must lead to great embarrassment to a receiver, unless some relief is afforded him. He is required by the order appointing him to deposit all money received by him in some moneyed corporation designated in the order, and that money cannot be withdrawn except upon the order of the court. This provision of law, intended for the protection of the assets of corporations, has, in practice, led to a wasting of such assets. In the case of some receiverships, applications are made to the court, and an order obtained for almost every necessary expenditure of the receiver; and, of course, these continued applications are a source of great expense. Attorneys will not make them for nothing. They are entitled to pay for their services. I am informed that in the case of one receivership the aggregate of the costs and expenses of attorneys for obtaining these intermediate orders authorizing the receiver to draw out money from the depository has exceeded the aggregate sum of the moneys so authorized to be drawn. Some justices of the Supreme Court, to

meet this difficulty, have authorized the withdrawal, from time to time, of sums of money from the general account, and its deposit to a special account, for the purpose of enabling the receiver to pay current expenses without the necessity of applying to the court for authority to pay each item; and that seems to me the better practice. I have therefore authorized the withdrawal by the receiver, from his general account, of the sum of $2,000, to be transferred to a special account, from which he may draw from time to time, without further order of the court, such sums of money as may be necessary to meet the proper and necessary expenses of his trust, subject to account for such expenditures upon his final accounting. When the amount so drawn has been expended, the receiver may make application to the court for the withdrawal of another sum for future necessary disbursements. At the time of making such application, he should make a statement of the amount and purposes for which the money theretofore authorized to be withdrawn from the general fund has been expended, in order that both the Attorney General and the court may be informed of the expenditures made in the past, so as to enable them to judge what amount should be set aside for the future.

It may be that the receiver in this case will feel disposed to pay from the moneys so authorized to be deposited to a special account the moneys asked to be paid in this motion, and it is therefore, perhaps, well to call his attention to the fact that the moving papers do not show that the referee is entitled to the amount claimed by him. He states in his affidavit what his services are reasonably worth, and the expenses necessarily incurred by him. What the referee's services are reasonably worth does not measure the compensation to be paid to him. His fees are fixed by statute, and unless a written agreement was made between the parties, or entered upon his minutes, he is entitled to receive no more than the statutory fee per day. It would be prudent, therefore, for the receiver, before paying, to require a statement of the number of days the referee was actually engaged, and also an itemized statement of the expenses the referee says were incurred by him.

Nothing here said by me must be construed as in any wise reflecting upon anything that has been done by either the receiver or his attorney in the matter of the receivership herein. The administration of this receiver has not been brought before me, and the presumption is that he has been careful and prudent, and the application made to me in this instance is only in line with the practice heretofore had in such proceedings; but it has seemed to me an appropriate time and occasion to give notice of what for some time past has been the practice of this Special Term, and what will be its practice, unless hereafter advised to the contrary, in the future.

Ordered accordingly.