W. A. WELLS, APPELLEE, v. FARMERS STATE BANK OF OVERTON: E. H. LUIKART, RECEIVER, APPELLANT.

FILED FEBRUARY 14, 1933. No. 28315.

*Frank M. Johnson, F. C. Radke* and *Barlow Nye,* for appellant.

*James E. Bednar, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

DAY, J.

This is an appeal from an order of the trial court, approving the report of a receiver appointed in a mortgage foreclosure.

The plaintiff brought a suit to foreclose a second mortgage on farm land, and in connection with the proceeding procured the appointment of a receiver. The title to the land involved in the suit was in the Farmers State Bank of Overton. The bank was insolvent and the secretary of the department of trade and commerce was the receiver of the bank. The bank receiver appealed from the order appointing the foreclosure receiver. *Wells v. Farmers*

*State Bank,* 121 Neb. 462. , The question presented to the court was the power of the court to appoint a foreclosure receiver, where a bank receiver was in possession of the property. Answering this question, this court held that, where mortgaged property of an insolvent bank is under the control of a receiver for the bank, the court is without authority to appoint a receiver in a foreclosure suit. The judgment of the trial court in appointing a receiver was reversed, with directions to discharge the receiver. Pursuant to the mandate of the court, the trial court ordered the receiver to render an account to the court of "his acts and doings as receiver," and that the income from the premises consisting of rents, profits, moneys, and other things of value be paid to the bank receiver. That part of the report necessary for a discussion of the issues is:

"I have collected for hay $826.85; for corn $173.65; total $1,000.50. * * * I have paid out for interest on the first mortgage * * * $793.50; for alfalfa seed $50; for lumber and repairs to buildings $29; for grasshopper poison $3; to our receiver for time and mileage $125. Total paid out $1,000.50. No money on hand."

The bank receiver objected to all items in this report except the item of $125 allowed the foreclosure receiver for his time and expense, for that "the depositors of the Farmers State Bank, Overton, Nebraska, have a first lien and a prior claim to all of the income derived from the assets of said bank, including the income from the above described premises, and that all other moneys paid out by (foreclosure) receiver Smith as shown by said report are contrary to law." The trial court overruled the objections and approved the report.

The basis of the bank receiver's position is that section 8-1,102, Comp. St. 1929, impresses the assets of an insolvent bank with a first lien for the benefit of the depositors and holders of exchange. The nature of this lien was determined in *Guaranty Fund Commission v. Teichmeier,* 119 Neb. 387, and later modified in *State v. Thurston*

*State Bank,* 121 Neb. 407, as to the time when the lien attaches. In the latter case, the court held: "Under section 8-1,102, Comp. St. 1929, priority of unsecured deposits in a state bank is fixed by their status at the time of the actual closing of the bank when the court, under section 8-190, Comp. St. 1929, adjudges it to be insolvent and orders it liquidated." When an insolvent bank is closed by the court and a receiver appointed, such receiver takes over all property for the benefit of the depositors. The receiver takes and holds the assets subject to liens against them as they exist at the time the court enters a decree of insolvency. *State v. Farmers & Merchants Bank,* 114 Neb. 378. The statutory lien provided by section 8-1,102, Comp. St. 1929, attaches to the assets of the bank and is limited to its interest in the property, which interest is decreased by the amount of valid prior liens. The receiver of an insolvent bank does not take land owned by the bank free and clear of such liens. *Guaranty Fund Commission v. Teichmeier,* 119 Neb. 387. In the instant case, the receiver took the land in question, which was the property of the bank, subject to the mortgage liens against it. In reality, the bank receiver took an equity of redemption. The second mortgage, which was the subject-matter of the suit, is a lien prior to the lien in favor of the receiver for the benefit of depositors. The appointment of a receiver in a foreclosure action is ancillary to the main action. The receiver is appointed for the purpose only of conserving the mortgaged property and applying the rents and profits of said premises to the satisfaction of the debt secured by the mortgage. *Prudential Ins. Co. v. Bliss,* 123 Neb. 578. The plaintiff in this case was adjudged to be entitled to a receiver to conserve the property and to apply the rents and profits of the mortgaged premises to the satisfaction of the debt, as provided by section 20-1081, Comp. St. 1929. Upon the previous appeal, the court was of the opinion that, where the bank receiver was in control of the property and where such receiver was an officer

of the court and subject to the court's orders, another receiver in the foreclosure was superfluous. The theory adopted at that time was that the bank receiver might just as well collect and hold the rents and profits and pay them out upon order of the court as a foreclosure receiver. There is nothing in that opinion to support the argument that the depositors have a lien superior to that of the mortgagee. The views expressed in *Wells v. Farmers State Bank,* 121 Neb. 462, were reexamined in *Prudential Ins. Co. v. Bliss,* 123 Neb. 578, and in part overruled. Of course, the former opinion in this case has become the law of the case. Even so, the claims of depositors and holders of exchange against an insolvent state bank are a lien subject to prior existing liens. The second mortgage involved in this foreclosure is a valid subsisting lien prior to the lien of the receiver for the benefit of stockholders. The bank receiver, who, by a former opinion of this court, since overruled, but controlling in this case, was permitted to serve in a dual capacity as foreclosure receiver also, holds funds subject to the orders of the court. Funds in the hands of receiver of mortgagor are wholly subject to court's order; the receiver is but an officer of the court. *Chicago Joint Stock Land Bank v. Hargrove,* 234 N. W. (Ia.) 801; *Carlon v. City Savings Bank,* 91 Neb. 790. The items in the foreclosure receiver's report, to which objection was made, were payments which were expressly authorized by previous orders of the court. The expenditures were made in direct obedience to such orders, and the foreclosure receiver is not liable for having so disbursed the money in his hands. As has been previously noted, the receiver is an officer of the court. He was obliged to comply with its orders directing payment of the money. Obedience to the order and direction of the court is sufficient protection to the receiver, and he will not be held personally liable for acting pursuant to such orders and directions. The orders authorizing the expenditure have not been attacked and still stand unimpeached. The rule has been

well .stated as follows: "Where a receiver disburses funds in his hands or does any other act by the order and according to the direction of the court, he will be protected in carrying out such instructions, and the court order under which he acted will be a complete defense to personal liability in any action or proceeding." 23 R. C. L. 79, sec. 85. The rule is also stated substantially in the same form in 2 Tardy's Smith on Receivers, p. 2082. The following cases support this rule: *Willis v. Sharp,* 124 N. Y. 406; *Hilliard v. Sterlingworth R. Supply Co.,* 236 Pa. St. 82; *People v. Manhattan Fire Ins. Co.,* 85 N. Y. Supp. 221; *United States Fidelity & Guaranty Co. v. McCain,* 136 Miss. 30; *Killeen v. Boland, Gschwind Co.,* 157 La. 566; *Missouri & K. Interurban R. Co. v. Edson,* 198 Fed. 819; *Edee v. Strunk,* 35 Neb. 307. Furthermore, there is no complaint in this case that the expenditures were not made for the benefit of the mortgaged premises.

It therefore follows that it was not error for the trial court to approve the final report of the foreclosure receiver, and the judgment of the trial court is

AFFIRMED.