FEDERAL FARM MORTGAGE CORPORATION, A CORPORATION, PLAINTIFF AND APPELLEE, V. ANTON GANSER ET AL., DEFENDANTS, WILLIAM A. EHLERS, DEFENDANT AND APPELLANT.

20 N. W. 2d 689

FILED NOVEMBER 30, 1945. No. 31993.

*William A. Ehlers,* pro se, for appellant.

*F. M. Deutsch, W. W. Graham,* and *Lewis W. Bicknell,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This case was previously here and is reported as Federal Farm Mortgage Corporation v. Ganser, 145 Neb. 589, 17 N. W. 2d 613. After affirming the district court's confirmation of sale the opinion states: "The record discloses that the assets, such as rents and profits remaining in the hands of the receiver, have not been distributed, and the receivership has been continued until further order of the court. Therefore, there is no order of the court in the record distributing these assets to either appellant or appellee. We cannot determine in this action the rights of the respective parties to the assets remaining in the hands of the receiver. There has been no final order on such matter, and until there is and it is properly brought to this court there is nothing to determine with respect to it."

On February 13, 1945, William A. Ehlers, one of the defendants and appellant, made written application asking the district court to direct the receiver to pay over to him the full amount of rents received from the premises for the year 1943. Similar application was orally made in open court by the Federal Farm Mortgage Corporation, plaintiff and appellee, asking that such funds in the hands of the receiver be paid to it for the purpose of satisfying its judgment and decree.

Hearing was had on these applications on March 17, 1945. The court denied the application of appellant and sustained that of the appellee. The court found that after the application of the amount received from the sale of the premises there remained unsatisfied of the amount owing the appellee, as determined in the decree, a sum equal to the funds in the hands of the receiver; that the appellee was entitled to have the funds in the hands of the receiver applied thereon and so ordered. It is from this order that appeal was taken.

A sufficient statement of the case will be found in our former opinion and will not again be set forth except as it may be necessary in discussing the issue presented, that is, who is entitled to the rents collected by the receiver.

On January 3, 1934, the mortgage foreclosed in this ac-

tion was executed by the then owners of the premises, Anton Ganser and Anna M. Ganser, husband and wife. It contained, among other provisions, the following: " * * * in the event suit is brought to foreclose this mortgage the Court may appoint a receiver to take and hold possession of said premises, to rent the same, to collect the rents and profits therefrom for the benefit of the Mortgagee, to pay the taxes upon said premises, to keep the same in repair, and to apply the balance upon the mortgage indebtedness."

On October 28, 1942, the appellant became the owner of the mortgaged premises by execution had against Anton Ganser. The appellant, by virtue of the purchase, became vested with such right and title as was in Anton Ganser, the judgment debtor, at the time the lien of the judgment attached to the land, which was subsequent to the mortgage and, therefore, subject thereto. He did not, however, become personally liable for the mortgage debt.

Petition to foreclose the mortgage was filed on January 15, 1943. The petition included the following allegations: " * * * that the said mortgaged premises are insufficient to discharge the mortgage debt and are being allowed to waste and deteriorate; * * * and for the further purpose of collecting the rents, issues and profits arising therefrom to apply on the indebtedness due said plaintiff for principal, interest and any and all advances made by this plaintiff in accordance with the terms and provisions of its said mortgage and note, * * * ." The prayer includes that a receiver be appointed to collect the rents and profits in order that they may be applied upon the amount due the plaintiff. Receiver was appointed pursuant thereto on January 30, 1943. On April 24, 1943, the receiver appointed having asked to be discharged, his successor was appointed. It is the rents collected under this receivership from the mortgaged premises for the year 1943 that are here involved.

Section 25-1081, R. S. 1943, provides in part as follows: "A receiver may be appointed * * * (2) in an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed, or materially injured, or

is probably insufficient to discharge the mortgage debt; * * * ."

Under this same provision of the statute in Philadelphia Mortgage & Trust Co. v. Goos, 47 Neb. 804, 66 N. W. 843, this court said: "The second subdivision of section 266 of the Code authorizes the appointment of a receiver in an action to foreclose a mortgage when the mortgaged property 'is probably insufficient to discharge the mortgage debt.' In other words, the inadequacy in value of the premises to pay the mortgage lien thereon is alone sufficient ground to entitle the mortgagee to the appointment of a receiver to take charge of the property and collect rents accruing therefrom. (Jacobs v. Gibson, 9 Neb., 380; Ecklund v. Willis, 42 Neb., 737.)

"Our attention has been called to section 55, chapter 73, Compiled Statutes (now section 76-276, R. S. 1943), which provides: 'In the absence of stipulation to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof.' It is argued that, under the foregoing provision, the mortgagor, except as otherwise stipulated in the mortgage, is entitled to the rents and profits, and the possession of the mortgaged premises until final confirmation of the sale. The mortgage under which the foreclosure in this case was made is not before us; hence we are not advised of its provisions. Assuming that it contained no stipulation as to the right of possession of the property, it does not follow that a receiver may not be appointed to collect the rents and profits, in case the premises are insufficient in value to satisfy the lien of the mortgage. That such power exists was held by this court in Jacobs v. Gibson, 9 Neb., 380. LAKE, J., speaking for the court in that case, said: 'In the absence of an agreement to the contrary, we suppose no one would contend but that a mortgagor is entitled to the rents and profits of mortgaged premises until condition broken,—or, in other words, until such time as the mortgagee is authorized to proceed by action on the mortgage to subject the property to the payment of his debt. Such, doubtless, is the law. On the other hand, it is equally clear

that on a condition broken, by which the mortgagee is authorized to commence foreclosure proceedings, if the property be inadequate security, he has thenceforward an equitable lien upon the rents and profits, or so much thereof as may be necessary to the security of the mortgage debt, which he may enforce by proper proceedings.' (See High, Receivers, sec. 666; Schreiber v. Carey, 48 Wis., 208; Pasco v. Gamble, 15 Fla., 562; Mahon v. Crothers, 28 N. J. Eq., 567; Hyman v. Kelly, 1 Nev., 179; Lowell v. Doe, 44 Minn. 144.)"

In the case of Wells v. Farmers State Bank of Overton, 124 Neb. 386, 246 N. W. 714, we said: "The appointment of a receiver in a foreclosure action is ancillary to the main action. The receiver is appointed for the purpose only of conserving the mortgaged property and applying the rents and profits of said premises to the satisfaction of the debt secured by the mortgage. Prudential Ins. Co. v. Bliss, 123 Neb. 578."

While the appellee might have obtained a deficiency judgment against anyone personally liable for the balance of the indebtedness owing, it was not necessary for it to do so. For as stated in Philadelphia Mortgage & Trust Co. v. Goos, *supra*: "The plaintiff is entitled to have his debt satisfied out of the property pledged as security for its payment, without being forced to resort to other remedies he may have." See Waldron v. First Nat. Bank of Greenwood, 60 Neb. 245, 82 N. W. 856.

Appellant took whatever interest he had in the lands subject to the appellee's rights under its mortgage. Under our holdings this consisted of a right to have a receiver appointed, if the property was insufficient to discharge the mortgage debt, and having whatever rents and profits the receiver collected from the premises applied in satisfaction thereof. The trial court having entered the only order that it should have entered, it is affirmed.

AFFIRMED.