KEITH COUNTY BANK & TRUST COMPANY, A NEBRASKA BANKING
CORPORATION, APPELLEE, V. WHEAT BELT PUBLIC POWER
DISTRICT, A PUBLIC CORPORATION, APPELLANT.

415 N.W.2d 459

Filed November 20, 1987.    No. 86-031.

Thomas M. Sonntag of John Peetz, P.C., for appellant.

Paul D. Merritt, Jr., of McGinley, Lane, Mueller, O'Donnell, Merritt & Williams, P.C., for appellee.

Patrick W. Healey of Healey, Wieland, Kluender, Atwood & Jacobs, for amicus curiae Nebraska Rural Electric Association.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

PER CURIAM.

Neal Batterman had become contractually obligated to pay for electricity provided by appellant, Wheat Belt Public Power District, a public corporation, to power irrigation wells during 1984 on lands in which Neal Batterman, Clarice Batterman, and Batterman & Sons, Ltd., a Nebraska corporation, had ownership interests. The Batterman interests were foreclosed upon, and appellee, Keith County Bank & Trust Company, a Nebraska banking corporation, was appointed foreclosure receiver to, among other things, preserve, protect, and manage the real estate, and to conserve and nurture it in a husbandlike manner. Wheat Belt thereafter informed the receiver that if the bills Neal Batterman had incurred before the receivership came

into existence were not paid, Wheat Belt would discontinue serving the receiver. The receiver responded by filing a declaratory judgment action against Wheat Belt, seeking, among other things, a declaration that the receiver was not obligated to pay Neal Batterman's bills and an injunction preventing Wheat Belt from disconnecting electricity to the wells. The district court granted a temporary injunction; Wheat Belt then counterclaimed, asking that the receiver be held liable for the bills Neal Batterman had incurred and that the temporary injunction be dissolved. Subsequently, the district court sustained the receiver's motion to dismiss its action, and the matter proceeded to trial on the merits of Wheat Belt's counterclaim. Thereafter, the district court dismissed the counterclaim and dissolved the temporary injunction. This appeal followed. Wheat Belt assigns as error the district court's (1) finding that it had subject matter jurisdiction, (2) granting of the temporary injunction, (3) finding that the receiver did not adopt Neal Batterman's contracts with Wheat Belt, and (4) dismissal of Wheat Belt's counterclaim. We affirm.

Wheat Belt first contends that subject matter jurisdiction of this dispute is lodged not in the district court but in the Nebraska Power Review Board. The contention rests on language in Neb. Rev. Stat. § 70-1017 (Reissue 1986), which declares that if "the supplier and the applicant cannot agree upon any of the terms under which service is to be furnished . . . the matter shall be submitted to the board for hearing and determination." However, this court recently held, in *In re Complaint of Federal Land Bank of Omaha*, 223 Neb. 897, 395 N.W.2d 488 (1986), that the Power Review Board lacks authority to determine whether a supplier of electricity may insist upon the payment of another's delinquent charges as a condition of providing electric service; that the payment of another's delinquent charges is not a term of service contemplated by § 70-1017.

A receiver appointed in a mortgage foreclosure action serves for the purpose of conserving the mortgaged property and applying the rents and profits of said premises to the satisfaction of the debt secured by the mortgage. *Wells v. Farmers State Bank of Overton*, 124 Neb. 386, 246 N.W. 714

(1933). Having not perfected a lien on the real estate by reducing its claim to judgment, Wheat Belt seeks to make the receiver personally liable for Neal Batterman's delinquent debt. In other words, Wheat Belt endeavors to make the receiver, someone other than Neal Batterman, pay for electricity Wheat Belt provided in the past under contracts with Neal Batterman. Thus, the district court properly asserted subject matter jurisdiction.

The amicus curiae, Nebraska Rural Electric Association, invites us to consider Wheat Belt's second assignment of error, notwithstanding the fact it has been rendered moot by the dissolution of the temporary injunction. It is an invitation we decline, for the determination that the district court had jurisdiction over the subject matter of the dispute sufficiently addresses the suggested interest of the public in resolving whether a district court has the power to grant a temporary injunction in a dispute, jurisdiction of which is lodged in the Power Review Board.

The third assignment of error claims the district court erred in finding the receiver did not adopt Neal Batterman's contracts. Absent some sort of malfeasance, a receiver will not be held personally liable for the debts of the estate in receivership. See *Wells v. Farmers State Bank of Overton, supra.* Nevertheless, Wheat Belt presses the theory that in accepting the benefits of electric service, the receiver in this case adopted Neal Batterman's prior contracts with Wheat Belt and so came to stand in his shoes with respect to the delinquencies arising under those contracts. Wheat Belt first argues that as the receiver did not apply for service in its own right, it necessarily assumed the contracts executed by Neal Batterman. The fallacy in this position is that Wheat Belt had told the receiver electric service would not be provided unless Neal Batterman's past-due bills were paid. In the face of Wheat Belt's position, an application for service by the receiver would have been futile; instead, the receiver chose to challenge Wheat Belt's position in court. Wheat Belt's second argument, that since the receiver accepted the benefits of Neal Batterman's contracts, it must also accept the liabilities arising under those contracts, is equally spurious. The Neal Batterman contracts concerned

themselves with the service provided before the receivership came into existence; the receiver obtained no benefits under them whatsoever.

The resolution of the fourth and last assignment of error, that the district court erred in dismissing Wheat Belt's counterclaim, is controlled by the analyses of the first three assignments of error. Thus, the fourth assignment of error does not warrant separate discussion.

There being no merit to Wheat Belt's assignments of error, the decision of the district court is affirmed.

AFFIRMED.