**In the Matter of Kenneth and Lavonne ERICKSON, Debtors.**

**Bankruptcy No. BK87–1486.**

United States Bankruptcy Court, D. Nebraska.

March 11, 1988.

William L. Needler, Chicago, Ill., for debtors.

James R. McClymont, North Platte, Neb., for Federal Land Bank of Omaha.

## MEMORANDUM OPINION CONCERNING MOTION FOR SEQUESTRATION OF RENTS AND PROFITS BY FEDERAL LAND BANK OF OMAHA

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

This motion for sequestration of rents and profits by Federal Land Bank of Omaha (Bank) and the opposition to the motion by the debtors were submitted on oral arguments and written briefs. Appearing on behalf of the debtors was William L. Needler of William L. Needler & Associates, Ltd., Chicago, Illinois. Appearing on behalf of the Federal Land Bank of Omaha was James R. McClymont of Kelley, Scritsmier, Moore & Byrne, P.C., North Platte, Nebraska.

### Findings of Fact

The debtors filed their petition under Chapter 11 of the Bankruptcy Code on May 6, 1987. The debtors are farmers as defined in the Code and continue to operate their farm as debtors-in-possession. At the time of the filing of the petition, the debtors were in default on their obligations to the Federal Land Bank which were in the total amount of $488,978.78. The Bank's claim is secured by a real estate mortgage on approximately 1,596 acres of land described in the mortgage and located in Lincoln and Perkins Counties in Nebraska. Based upon the affidavit of John M. Chil-

dears which was accepted into evidence at the hearing, the Court finds that the value of the Bank's collateral is less than the amount which the Bank is owed.

The mortgage document indicates that the debtors mortgaged and conveyed the real estate referred to above and also the rents, issues, crops, and profits arising from the land. The mortgage also states in paragraph (8):

(8) That in the event action is brought to foreclose this mortgage, the Mortgagee shall be entitled to immediate possession of the mortgaged premises, and the court may appoint a receiver to take possession of said premises, with the usual powers of receivers in like cases.

Prior to the filing of the bankruptcy petition, the Bank had not taken any action to foreclose on the mortgage, nor had it taken any action for the appointment of a receiver. Subsequent to the filing of the bankruptcy petition, however, the Bank filed a motion with this Court requesting the issuance of an order sequestering rents and profits for the benefit of the Bank.

### Discussion

■ After the filing of the bankruptcy petition, the automatic stay provision of the Bankruptcy Code interfered with the Bank's rights under its mortgage and under state law to foreclose on its mortgage and to request the appointment of a receiver to collect rents and profits. Thus, the Bank contends that the Bankruptcy Court should create a mechanism by which the Bank's right to appointment of a receiver and custody of rents and profits can be enforced within bankruptcy. Primarily, the Bank relies on the following caselaw as authority for its position: *In re Anderson*, 50 B.R. 728 (D.Neb.1985); *Matter of Selden*, 62 B.R. 954 (Bkrtcy.D.Neb.1986); and *Saline State Bank v. Mahloch*, 834 F.2d 690 (8th Cir.1987).

The United States Supreme Court in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), laid the groundwork for the proposition that the bankrupt-

cy courts have the power, within bankruptcy, to sequester the rents and profits derived from mortgaged land in order to protect the mortgagee's interest in such property. The Supreme Court held that the bankruptcy court must look to state law to determine if the mortgagee would be entitled to such protection outside of bankruptcy, and then the court must take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court a means by which he could obtain the same protection as he would have had under state law if no bankruptcy had ensued. *Id.* at 56, 99 S.Ct. at 918. The Eighth Circuit adopted this holding in *Saline State Bank v. Mahloch, supra.*

Turning to Nebraska law, the Nebraska Supreme Court has stated:

> [O]n a condition broken by which the mortgagee is authorized to commence foreclosure proceedings, if the property be inadequate security [the mortgagee] has thence forward an equitable lien upon the rents and profits, or so much thereof as may be necessary to the security of the mortgage debt which he may enforce by proper proceedings.

*Federal Farm Mortgage Corp. v. Ganser,* 146 Neb. 635, 20 N.W.2d 689 (1945). In Nebraska, the proper proceedings by which to enforce such a lien outside of bankruptcy include foreclosure and a request for the appointment of a receiver to collect the rents and profits. In order to have a receiver appointed, the mortgagee must show that the real estate is of a value which is insufficient to discharge the mortgage debt. *In re Anderson, supra* at 733; *See also Prudential Insurance Co. v. Farm Inv. Co.,* 123 Neb. 578, 580, 243 N.W. 842, 846 (1932); Neb.Rev.Stat. § 25–1081(2) (Reissue 1985).

In order to allow the creditor the same opportunity within bankruptcy to have his rights in rents and profits protected, it has been concluded that the bankruptcy courts must provide a mechanism by which the creditor's right to appointment of a receiver and custody of rents and profits can be enforced within bankruptcy. Thus, the bankruptcy court may grant a motion to sequester rents and profits for the benefit of a creditor who claims a lien on such rents and profits. *Matter of Selden, supra.* A recent Eighth Circuit opinion involving Nebraska law indicates that in cases where no action is taken to enforce the lien preceding bankruptcy, some action, such as a motion by the creditor to sequester rents and profits, is required subsequent to the filing of the bankruptcy petition in order to perfect the lien. *Saline State Bank, supra* at 692. Perfection of the lien during the pendency of the bankruptcy proceeding may be important to establish the validity and priority of the interests of the mortgage holder vis-a-vis the trustee, the debtor, and third parties. This is true even though the mortgagee's interest in the rents and profits is arguably avoidable under 11 U.S.C. §§ 544 or 547.

Although § 544 would be appropriate in most situations like the present situation, § 544 cannot be applied here. In *Saline State Bank, supra* at 695, the Court concluded that the case could not be decided on the basis of § 544 because the avoidance powers under that section had not been properly invoked. An adversary proceeding must be initiated in order to invoke the § 544 avoidance powers. *See* Bankruptcy Rule 7001. In the present situation neither the debtors-in-possession, nor any other party with standing, have brought the requisite action to avoid the Bank's lien. The same analysis would preclude denial of the motion under the theory that the interest in rents and profits is an avoidable preference under § 547.

From the caselaw which has been discussed, the Court concludes, first, that the Bank has shown that the value of the mortgaged property is inadequate to fully secure the debt owed to it, thus, the Bank has shown that it would have been entitled under state law to the appointment of a receiver to secure the rents and profits. Thus the Bank has met the condition precedent to the entitlement of rents and profits in bankruptcy. *See In re Anderson, supra.*

■ Second, since this Court is required to provide the procedural equivalent of the

appointment of a receiver to secure the rents and profits under state law, the Bank's motion to sequester the rents and profits is sustained. This Court may allow the sequestration of the *net* rents and profits received by the debtor after the date the creditor filed its motion to sequester. Thus, the reasonable and necessary costs and expenses of generating and preserving such rents and profits may be deducted. However, the order sustaining the motion cannot take effect until after a party requests an evidentiary hearing on the matter, and until after that evidentiary hearing is held. At the evidentiary hearing, the moving party must present evidence apprising the Court as to what constitutes rents and profits, and as to the amount to which it is entitled.

The ruling in this case is required by precedent and is justified in the interest of providing the party with an interest in rents and profits an opportunity to establish its priority vis-a-vis third parties. The establishment of such priority may become important if the case is dismissed. Any inequity that results from this decision may be corrected because under 552(b), the Court has discretion to cut off or limit the Bank's lien in the rents and profits based upon the equities of the case. Upon appropriate motion, the Court will consider such an action. This consideration may take place at the same time as the Bank presents evidence as to what constitutes rents and profits.

However, this decision and the decisions I follow today are inconsistent with 11 U.S.C. § 552. Under that section of the Bankruptcy Code I believe the unperfected interest of the mortgagee in rents and profits is cut off on the filing of the bankruptcy as to those rents and profits which are acquired by the estate after the commencement of the case. I read § 552(b) as containing an implied condition that an interest may only continue in property acquired by the debtor after the commencement of the case if the interest is perfected under applicable law. This conclusion is supported by Justice Scalia's dicta in *United Savings v. Timbers of Inwood Forest,* — U.S. —, —, 108

S.Ct. 626, 631, 98 L.Ed.2d 740 (1988). In this decision, Justice Scalia stated:

> Section 552(a) states the general rule that a prepetition security interest does not reach property acquired by the estate or debtor postpetition. Section 552(b) sets forth an exception, allowing postpetition "proceeds, product, offspring, rents, or profits" of the collateral to be covered only if the security agreement expressly provides for an interest in such property, and the interest has been *perfected* under "applicable non-bankruptcy law." .... Section 552(b) therefore makes possession of a *perfected* security interest in postpetition rents or profits from collateral a condition of having them applied to satisfying the claim of the secured creditor ahead of the claims of unsecured creditors. (Emphasis added.)

Under this construction, *Butner v. United States, supra* is limited by § 552(b) which was enacted subsequent to that decision.

### Conclusion

This decision is without prejudice to any action that may be brought to avoid the interest of the Federal Land Bank in rents and profits.

For the reasons stated in this memorandum opinion,

IT IS ORDERED that Federal Land Bank's motion to sequester rents and profits is sustained pending the outcome of an evidentiary hearing which is to be set at the request of a party. At this hearing, the Court will consider the amounts to be sequestered.