THE FEDERAL LAND BANK OF OMAHA, A CORPORATION, APPELLEE,
V. ROLLAND L. VICTOR AND MARJORIE M. VICTOR, HUSBAND AND
WIFE, APPELLANTS, STATE NATIONAL BANK AND TRUST COMPANY
ET AL., APPELLEES.

440 N.W.2d 667

Filed June 2, 1989.   No. 86-295.

William J. Rieb for appellants.

Dennis W. Collins, of Jewell, Gatz, Collins & Dreier, for appellee Federal Land Bank.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and RONIN, D.J., Retired.

SHANAHAN, J.

In its action in the district court for Wayne County, The Federal Land Bank of Omaha (FLB) sought foreclosure of a mortgage signed by Rolland L. and Marjorie M. Victor and requested the appointment of a receiver. After a hearing on the receivership issue, the district court found that the mortgaged real estate was "probably insufficient to discharge the

indebtedness owed to [FLB] as set forth in [FLB's] petition" and that since Victors were in default on their promissory note secured by the mortgage, appointment of a receiver was appropriate. Victors appeal, claiming that FLB's alleged failure to comply with certain provisions of federal law precludes appointment of a receiver. See Neb. Rev. Stat. § 25-1090 (Reissue 1985) (appointment of receiver: appealable order).

On March 9, 1976, Victors signed a 34-year variable interest rate promissory note in the amount of $154,000 payable to FLB. An installment payment on the note was due on January 1 of each year. As security for their promissory note, Victors gave FLB a mortgage on their quarter section in Wayne County, which mortgage, by its terms, was "subject to the provisions of THE FARM CREDIT ACT and all acts amendatory thereof or supplemental thereto." The mortgage did not cover the real estate which was Victors' homestead.

Victors paid their note through January 1, 1983. Victors' payment due on January 1, 1984, was made 1 month late. However, apparently on account of a dispute regarding another creditor's lien on Victors' crops, the payment due on January 1, 1985, was not made. After Victors missed the 1985 payment, numerous communications occurred between Victors and FLB in an attempt to resolve Victors' financial difficulties. On August 30, 1985, FLB sent written notice to Victors, stating that FLB would recommend foreclosure of the mortgage in view of Victors' default in payment of their note. The notice also informed Victors that they could "appeal" from this recommendation by contacting the Norfolk FLB office within 30 days after receipt of the notice.

Victors took advantage of the option to appeal and met with an FLB employee soon after receipt of the notice about potential foreclosure. As a result of this meeting and on September 27, 1985, FLB sent a letter to Victors stating that the FLB

would not accelerate the loan on September 30 and in lieu of not accelerating the loan the Victors would agree to furnish [FLB] with a current financial statement and a plan of operation showing how they proposed to pay the delinquent January 1, 1985 payment as well as the

upcoming January 1, 1986 installment.

Instead of complying with FLB's request for financial information, Victors sought information pertaining to the FLB's "policy of forbearance," and requested another meeting with FLB officials. On October 29, 1985, Victors again met with FLB representatives and were shown a "condensed version" of FLB's written policy on forbearance. FLB's forbearance information given to Victors provided in part:

Forbearance is any voluntary deferral of legal action by the Association/Bank when borrower is in default.

Forbearance may be granted if:

1. Borrower is cooperative;

2. Borrower is making conscientious effort to meet loan terms;

3. Borrower has reasonable potential of restoring credit worthiness; and,

4. Action does not jeopardize the Association/Bank's financial position.

In addition to Victors' receipt of the forbearance information, an FLB loan officer told Victors that any decision to accelerate payment of their loan could be appealed to a "higher board." As a result of this meeting, FLB agreed to forbear proceedings until December 1, 1985.

Sometime after December 1, 1985, a loan manager of FLB's Norfolk branch informed Victors that FLB's forbearance would be terminated due to Victors' failure to satisfy certain requirements on which the forbearance was conditioned.

January 1, 1986, passed with no annual payment by Victors on the FLB loan. On January 27, FLB determined that Victors, due to their lack of credit worthiness and inability to work out a plan of payment, no longer met the requirements for forbearance. Therefore, installment payments on Victors' note were accelerated on account of Victors' default. On February 25, FLB petitioned for foreclosure of the mortgage from Victors and appointment of a receiver for the mortgaged property. In their answer and counterclaim, Victors alleged that FLB "failed to comply with the Farm Credit Act of 1971, as amended thereto," federal law which was incorporated into the mortgage for which FLB sought foreclosure.

At the hearing on March 5 for appointment of a receiver, evidence showed that Victors owed $127,729.97 on their note to FLB. A licensed appraiser testified that the Victors' land, which was subject to the FLB mortgage, had a fair market value of $96,000. Victors offered an affidavit of another appraiser, which indicated the value of their property was $137,000. At the conclusion of the hearing, the court took the receivership application under advisement and on March 14 found that the Victors were in default on their loan from FLB and that the value of the mortgaged property was "probably insufficient to discharge the mortgaged debt." See Neb. Rev. Stat. § 25-1081(2) (Reissue 1985) (grounds for receivership; mortgaged property). In conjunction with its March 14 decision regarding appointment of a receiver, the court remarked:

It is clear from the great weight of authority that the Farm Credit Act as it existed prior to the 1986 amendments did not create private rights in the borrowers, to be asserted either as causes of action for damages or as defenses in foreclosure actions; and the regulations under that act, including the regulation on providing a means of forbearance, did not either.

. . . .

Despite the fact that I believe the plaintiff has given the defendants Victor the benefit of its forbearance and review policies, I do not believe the [Farm Credit Amendments Act of 1985] created new private rights which can be asserted against the FLB as a cause of action or as a defense to foreclosure. . . .

Beyond the above considerations, which go to the merits of the defense pleaded by the Victors, the immediate question before the Court is whether a Receiver should be appointed.

The court then found that appointment of a receiver was warranted under the circumstances, appointed the receiver, and approved the corporate surety bond for the receiver.

Victors appeal, contending that the district court erred, first, in excluding evidence of FLB's alleged failure to comply with the Farm Credit Amendments Act of 1985, and, second, in

holding that the FLB's alleged noncompliance with the Farm Credit Amendments Act of 1985 was not a defense to the FLB's foreclosure action.

Victors' first assigned error (exclusion of evidence) was not discussed in the text ("argument") of their brief. See Neb. Ct. R. of Prac. 9D(1)g (rev. 1989). To be considered by the Supreme Court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *Wells Fargo Ag. Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988); *Fee v. Fee*, 223 Neb. 128, 388 N.W.2d 122 (1986). Therefore, we will not consider the evidential error assigned by Victors.

Before we discuss Victors' second assignment of error, namely, whether the district court committed reversible error concerning FLB's alleged noncompliance with federal law pertaining to a mortgage foreclosure, we examine the function or role of a receiver and the nature of proceedings for appointment of a receiver in conjunction with a mortgage foreclosure action.

In *Federal Farm Mortgage Corporation v. Ganser*, 146 Neb. 635, 639, 20 N.W.2d 689, 691 (1945), this court characterized a receiver relative to a mortgage foreclosure action:

"The appointment of a receiver in a foreclosure action is ancillary to the main action. The receiver is appointed for the purpose only of conserving the mortgaged property and applying the rents and profits of said premises to the satisfaction of the debt secured by the mortgage. . . ."

(Quoting from *Wells v. Farmers State Bank of Overton*, 124 Neb. 386, 246 N.W. 714 (1933)). See, also, *Prudential Ins. Co. v. Bliss*, 123 Neb. 578, 243 N.W. 842 (1932).

In *Lackey v. Yekel*, 113 Neb. 382, 383, 203 N.W. 542 (1925), this court has stated: "Whether or not a receiver should be appointed is a matter resting in the sound discretion of the court under the conditions shown at the trial, and within the statutory limitations." See, also, *Jacobs v. Gibson*, 9 Neb. 380, 382, 2 N.W. 893 (1879):

In the appointment of a receiver, especially in a foreclosure case, very much must be left to the discretion of the district judge, and unless it is made to appear that

this discretion has been exercised unwisely and to the injury of the party complaining, this court will not interfere.

However, an action to foreclose a mortgage is an equity action, which, on appeal, the Supreme Court reviews de novo on the record. *Tilden v. Beckmann,* 203 Neb. 293, 278 N.W.2d 581 (1979).

The appointment of a receiver in conjunction with a mortgage foreclosure action is within the discretion of the trial court, whose decision, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of discretion. Cf. *Guggenmos v. Guggenmos,* 218 Neb. 746, 359 N.W.2d 87 (1984).

Thus, appointment of a receiver is an adjunct to a mortgage foreclosure action and serves to conserve the mortgaged property or apply rents and profits from the mortgaged property toward satisfaction of the indebtedness secured by the mortgage. *Keith County Bank v. Wheat Belt Pub. Power Dist.,* 226 Neb. 850, 415 N.W.2d 459 (1987); *Federal Farm Mortgage Corporation v. Ganser, supra.* A mortgagee's application for appointment of a receiver in a foreclosure action may be granted on a showing (1) the mortgaged property is in danger of being lost, removed, or materially injured, or (2) a probability exists that the mortgaged property has insufficient value to discharge the mortgage debt. § 25-1081(2). See, also, *Federal Farm Mortgage Corporation v. Ganser, supra; Modisett v. Campbell,* 144 Neb. 222, 13 N.W.2d 126 (1944).

Victors' second assignment of error, namely, the district court's "holding" that FLB's alleged noncompliance with federal law afforded Victors no claim or defense concerning the foreclosure action, is a misperception of the action taken by the district court. As the result of the hearing on March 5, 1986, the district court was asked to decide, and did decide, the propriety of a receiver appointed in connection with the mortgage foreclosure proceedings commenced by FLB. Consequently, the district court did not decide the merits of FLB's mortgage foreclosure action or the merits of Victors' answer and counterclaim, but merely determined, pursuant to § 25-1081(2), that appointment of a receiver was warranted

and, therefore, appointed the receiver. The remarks by the district court regarding applicability or inapplicability of the Farm Credit Amendments Act of 1985 in relation to the merits of the claims and contentions of the parties were extraneous to the question presented at the receivership hearing, that is, whether appointment of a receiver was warranted. Victors have cited no authority to support their contention that FLB's failure to follow procedures outlined in the Farm Credit Amendments Act of 1985 affords a defense to an application for appointment of a receiver. In the present case, the district court's appointment of a receiver is authorized by § 25-1081(2). We need not decide, and do not decide, whether the FLB's alleged noncompliance with federal law affords Victors a claim or defense in the foreclosure action. Consequently, we conclude and hold that FLB's alleged noncompliance with federal law is not a defense to appointment of a receiver in accordance with § 25-1081(2).

Concerning the appointment of a receiver for Victors' property, from our de novo review of the record we find no abuse of discretion by the district court. Therefore, the judgment of the district court is affirmed.

AFFIRMED.

NORTON, D.J., not participating.