**In re HILTON LAND & CATTLE COMPANY and Kenneth Hilton and Peggy Hilton, et al., Debtors.**

No. CV. 88–0–504.
Bankruptcy No. 86–2406.

United States District Court,
D. Nebraska.

June 21, 1989.

Wm. Needler of Wm. L. Needler & Associates, Ltd., Chicago, Ill., for debtors.

James McClymont of Kelley, Scritsmeier, Moore & Byrne, P.C., North Platte, Neb., for Federal Land Bank of Omaha.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on appellant's notice of appeal (Filing No. 1). This is an appeal of a decision of the Bankruptcy Court pursuant to Bankruptcy Rule 8001. The Bankruptcy Court overruled the Federal Land Bank's motion to sequester rents and profits and directed it to provide the appropriate restructuring process as requested by the debtors.

■ This Court may review the Bankruptcy Court's legal conclusions de novo, but the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

■ After reviewing the Agricultural Credit Act of 1987 and the legislative history pertaining thereto, the Court finds that the protections of the Act are available to those who have filed bankruptcy petitions prior to the effective date of the Act, January 6, 1988. In particular, a review of the legislative history convinces the Court that it was not the intention of Congress to exclude debtors in bankruptcy per se from the protections of the Act. The preface of the Act states that its purpose is "to provide credit assistance to farmers, to strengthen the Farm Credit System, to facilitate the establishment of secondary markets for agricultural loans, and for other purposes." Pub.L. No. 100–233, 1988 U.S. Code Cong. & Admin.News (101 Stat.) 1568. Due to the fact that application of the Act to debtors in bankruptcy does not create an extraordinary burden on the Farm Credit System, coupled with the remedial purpose of the Act, the Court finds the protections of the Act should be available to debtors who filed their petitions prior to the effective date of the Act. In its brief, the appellant concedes, and the Court finds, that the loan made by the Farm Credit Bank to the debtors is a "distressed loan," and accordingly, the debtors are eligible for protection under the Act.

■ The Act prohibits certain lenders from initiating foreclosure or continuing any foreclosure proceedings with respect to any distress loan until the lender has evaluated the loan for restructuring. 12 U.S.

C.A. § 2202a(b) (West Supp.1989). The Act defines "foreclosure proceeding" as:

(A) a foreclosure or similar legal proceeding to enforce a lien on property, whether real or personal, that secures a nonaccrual or distressed loan; or

(B) the seizing of and realizing on nonreal property collateral, other than collateral subject to a statutory lien arising under title I or II, to effect collection of a nonaccrual or distressed loan.

12 U.S.C.A. § 2202a(a)(4) (West Supp.1989).

This is a matter of first impression in this jurisdiction. The Court has been unable to find support in any jurisdiction which defines whether a motion to sequester rents and profits is a "foreclosure proceeding" under the Act. In view of the remedial purpose of the Act, the Court finds that an effort to sequester rents and profits is the first step towards the enforcement of a claim against property of the estate, therefore bringing such a motion within the definition of "foreclosure proceeding." Accordingly, the Federal Land Bank must comply with the Act by providing the appropriate restructuring process requested by the debtors prior to commencing a foreclosure proceeding to sequester rents and profits.

From a review of the memorandum decision of the Bankruptcy Court dated May 13, 1988, 86 B.R. 1010, the Court finds that Judge Mahoney's reasoning and analysis is correct, and therefore, it was not error to overrule the Federal Land Bank's motion to sequester rents and profits. Accordingly, the decision of the Bankruptcy Court is affirmed. A separate order in accordance with this opinion will be issued this date.