**In the Matter of Norman P. KRAMER and Betty J. Kramer, Debtors.**

**Bankruptcy No. BK87–3176.**

United States Bankruptcy Court,
D. Nebraska.

Nov. 9, 1989.

See also, Bkrtcy., 96 B.R. 972.

George Vinton, James McClymont, North Platte, Neb., for Farm Credit Bank.

Arlan Wine, Wauneta, Neb., for debtor.

Terry Curtiss, Alliance, Neb., for Metropolitan.

Tom Ashby, Omaha, Neb., for Sterling PCA.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on November 2, 1989, on a motion to sequester rents and profits filed by the Farm Credit Bank of Omaha (Farm Credit Bank).

The motion to sequester rents and profits is overruled.

Prior to bankruptcy, a creditor filed a foreclosure petition in state court and obtained an order appointing a receiver. The receiver took over and operated this farm business. Eventually, a Chapter 11 petition was filed and a hearing was held to determine if the receiver should be required to turn over the farm operation to the debtor-in-possession. Following such hearing, in April, 1988, this Court pursuant to 11 U.S.C. § 543(d) excused the receiver from turning the operation over to the debtor.

However, in 1989, after another hearing, this Court granted the motion of debtors to turn over the operation, thereby terminating the rights of the receiver to operate the farm or take control of rents and profits accruing after the date of the order.

The debtor-in-possession has operated the farm during the 1989 crop year. The Farm Credit Bank has now filed a motion to sequester rents and profits, arguing that it had a prepetition receiver in place, it had a right to rents and profits under its mortgage and that this Court should acknowledge its rights to net rents and profits. See *In re Anderson*, 50 B.R. 728 (D.Neb. 1985); *Saline State Bank v. Mahloch*, 834 F.2d 690 (8th Cir.1987).

Under the authority of the *Anderson* and *Mahloch* cases, the Bankruptcy Court appears to have the power, and perhaps the duty, to assure a creditor that if it had a state law right to perfect an interest in rents and profits prepetition, that right to perfect such interest is not cut off by the bankruptcy filing. Following those two cases, this Court has, on more than one occasion, granted a prepetition creditor a post-petition sequestration of rents and profits. See, for example, Judge Minahan's opinion *In the Matter of Kenneth and Lavonne Erickson*, 83 B.R. 701 (Bankr.D.Neb.1988).

However, in the case before the Court, both the moving creditor and the debtor have raised the issue of the applicability of and compliance with the Agricultural Credit Act of 1987, codified at 12 U.S.C. § 2201 et seq. That Act prohibits the Farm Credit Bank from commencing or continuing a foreclosure action until it determines that a borrower's loan is distressed and gives the borrower the opportunity to restructure the loan. This Court has ruled that a motion to sequester rents and profits is analogous to a prepetition request for appointment of a receiver in a foreclosure action, and is, therefore, a continuation of an effort to foreclose. *In the Matter of Dilsaver, et al.*, 86 B.R. 1010 (Bankr.D.Neb.1988); affirmed *sub nom; In re Hilton Land and Cattle Company*, 101 B.R. 604 (D.Neb. 1989).

The *Dilsaver* and *Hilton* decisions require the Farm Credit Bank to comply with the Agricultural Credit Act of 1987 prior to obtaining an order sequestering rents and profits.

During 1988, a representative of the Farm Credit Bank sent certain information to the debtors which included the then standard language, "your Federal Land Bank of Omaha loan ... may be a distressed loan...." The correspondence included in-

formation concerning material the debtors would need to submit if they desired to attempt to restructure the loan under the Act. This correspondence was sent to the debtors on March 7, 1988.

The debtors, although not submitting the requested information, did contact the Farm Credit Bank representative about restructuring opportunities. Counsel for the Farm Credit Bank then notified counsel for the debtor on April 15, 1988, that no restructuring opportunities would be granted until the debtor prepared and submitted to the Farm Credit Bank and to this Court a stipulation concerning relief from the automatic stay so that the restructuring process could begin.

■ Debtor did not submit such a stipulation. In 1989, this Court ruled in the Chapter 11 bankruptcy of Mathias and Mary Lou Wagner, BK88–1765, (Memorandum Jan. 13, 1989), and in the case of John and Edith Rudloff, BK88–124 and Dennis Rudloff, BK88–123, (Memorandum May 11, 1989), that the Act required the Farm Credit Bank to determine that the borrower's loan actually was a distressed loan, and so notify the borrower, before the borrower is required to submit a restructuring proposal. Without compliance with the Act, by specific determination of "distressed loan," the borrower could not be deemed to have waived any rights granted under the Act.

This Court finds from the March 7, 1988, and April 15, 1988, correspondence to the debtors that the Farm Credit Bank has not yet complied with the Act. The Eighth Circuit Court of Appeals has recently ruled that Farm Credit System borrowers have a private right of action under the Act to require compliance with the terms of the Act by the Farm Credit Bank. *Zajac v. Federal Land Bank of St. Paul*, 887 F.2d 844 (8th Cir.1989). Since there has been no compliance with the Act by the Farm Credit Bank, it will not be permitted to assert a foreclosure remedy, sequestration of rents and profits.

Once the turnover order was entered in early 1989, the powers of the receiver under state law were withdrawn and the Farm Credit Bank must start over with Agriculture Credit Act compliance and only then will its motion for sequestion be considered.

Separate journal entry will be filed.